UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBYN WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>SPIN MASTER, LTD., a Canadian Corporation,<br><br>Defendant. | :<br>:<br>:  **Case No. 07 CV 6387**<br>:<br>:  THE HONORABLE DAVID H. COAR<br>:  MAGISTRATE JUDGE NOLAN<br>:<br>: |

## PLAINTIFF'S MOTION TO PRESERVE EVIDENCE

Plaintiff, Robyn Williams ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, and as Plaintiff's Motion to Preserve Evidence, states as follows:

1.  Plaintiff instituted this action against the defendant, Spin Master, Ltd. ("Defendant"), on November 9, 2007, as a Class Action on behalf of all persons who purchased Aqua Dots that were manufactured, marketed, and/or distributed by Spin Master, Ltd. ("Spin Master" or "Defendant"), between April 2007, to the present (the "Relevant Period"), coated with 1,4-butanediol, which if ingested can metabolize into gamma-Hydroxybutyric acid ("GHB"), commonly known as the date rape drug.

2.  Aqua Dots is a toy that allows children to create various multi-dimensional designs using small colored beads that fuse together when sprayed with water. It is alleged that since April 2007, Defendant has manufactured or caused to be manufactured, marketed, and/or distributed and sold approximately 4.2 million Aqua Dot products designed for young children, who can be expected to lick, suck, bite, or even swallow the toys, and/or put their hands in

contact with their mouths after touching the toys, thereby ingesting the poisonous elements of the product.

3.  Defendant is a Canadian corporation. A summons was issued as to Defendant on November 14, 2007, and was sent by the Clerk of the Court for the Northern District of Illinois via international mail. *See* Summons, attached hereto as Exhibit 1.

4.  As of this date, to Movant's knowledge, there have been no appearances filed with the Court on Defendant's behalf. On December 6, 2007, however, one of Plaintiff's counsel received a call from a partner at the law firm of Winston & Strawn LLP, during which it was indicated that their firm would be representing Defendant. Said lawyers have been advised of this motion and received a copy of it.

5.  Plaintiff respectfully moves the Court to Order Defendant to preserve and protect all documents and electronic files that relate to, describe, or reference Defendant's Aqua Dots products, including those that are be within the possession or control of its agents, employees, subsidiaries, and affiliates, without limitation, and to preserve and protect any of the recalled Aqua Dots products that have been retained by Defendant from its previously existing inventories, or returned to Defendant as a result of the recall.

6.  Several tests can be used to determine whether a motion to preserve evidence should be granted. For example, some courts hold that a plaintiff seeking a preservation order must demonstrate that it is necessary and not unduly burdensome. *See, e.g.*, *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 617 (N.D. Ill. 2001). A three factor balancing test is also sometimes used, including a weighing of: "1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the

party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition, or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation." *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433–34 (W.D. Pa. 2004). These tests are satisfied here.

7. Plaintiff believes that if an order is not entered preserving and protecting said evidence, that Defendant may dispose of and/or destroy such documents or products, whether intentionally or unintentionally. Corporations often have document destruction policies and deadlines on the retention of documents; thus, the ordinary course of business could lead to such destruction. The destruction of said documents and products could result in irreparable harm to the rights of Plaintiff and the other members of the putative Class, as such documents are important, if not critical, to Plaintiff's efforts at, *inter alia*, proving the case in a trial on the merits. Consequently, preservation of said evidence is clearly necessary.

8. Given that Defendant is a multi-million dollar corporation, it should have little if any difficulty complying with an order that it preserve and protect all documents, electronic files, and products relating to Defendant's Aqua Dots products, including the manufacture, marketing, and sale thereof.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Preserve Evidence, and grant such other relief as the Court deems just and appropriate.

Dated: December 7, 2007								Respectfully submitted,

By:   /s/ Ben Barnow
Ben Barnow
Sharon Harris
Erich Schork
Barnow and Associates, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000
Facsimile: (312) 641-5504

*Attorneys for Plaintiff*

Aron D. Robinson
The Law Office of Aron D. Robinson
19 S. LaSalle Street, Suite 1300
Chicago, IL 60603
Telephone: (312) 857-9050
Facsimile: (312) 857-9054

*Of Counsel:*

Scott R. Tack
Allen Allen & Tack
P.O. Box 1409
210 Chickasha Ave.
Chickasha, OK 73023
Telephone: (405) 224-3111
Facsimile: (405) 224-8312

Lance A. Harke, P.A.
Sarah Clasby Engel, P.A.
Harke & Clasby LLP
155 South Miami Ave., Suite 600
Miami, Florida 33130
Telephone: (305) 536-8220
Facsimile: (305) 536-8229

**CERTIFICATE OF SERVICE**

    I, Ben Barnow, one of the attorneys for Plaintiff, hereby certify that a paper copy of Plaintiff's Motion to Preserve Evidence, which has been filed through the ECF system, will be sent via messenger to counsel for Defendant:

Thomas J. Wiegand, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601

on this 7th day of December, 2007.

                                                  /s/ Ben Barnow