UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

ROBYN WILLIAMS, individually and
on behalf of all others similarly situated,

                       Plaintiff,

               -against-

SPIN MASTER, LTD., a Canadian Corporation,

                 Defendant.

**Case No. 07 CV 6387**

**THE HONORABLE DAVID H. COAR**
**MAGISTRATE JUDGE NOLAN**

---

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO PRESERVE EVIDENCE

The authorities relied upon by Defendant either support Plaintiff's Motion or are distinguishable. In *Treppel v. Biovail Corp.*, the court found that preservation orders "'are increasingly routine in cases involving electronic evidence, such as emails and other forms of electronic communication.'" 233 F.R.D. 363, 370 (S.D.N.Y. 2006) (citing *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 141 (2004)). Further, in *Pueblo of Laguna v. United States*, the court granted the plaintiff's motion and entered a preservation order, ordering the defendant to preserve all documents in question, index them, and report to the court immediately regarding any destruction or loss of records. 60 Fed. Cl. 133, 141 (2004).

Other case law relied upon by Defendant is readily distinguishable. For example, in *In re African Am. Slave Descendants Litig.*, 2003 WL 24085346, *2 (N.D. Ill. 2003), the plaintiffs failed to specifically identify what documents they sought to preserve. Instead, they requested that the defendant preserve any and all documents that may have related to the establishment of the defendant's company, and all documents that "touch on economic benefit." *Slave Descendants*, 2003 WL 24085346 at *2. Here, Plaintiff succinctly and specifically seeks an

order preserving only those documents relating to Defendant's Aqua Dots products, just one of Defendant's numerous products.

If the supporting law was not enough, however, one need only look to Defendant's response and accompanying affidavit. While they speak of the retention of documents— something Defendant, by its papers, surely recognizes the importance of—they carefully avoid affirming that documents are being retained. When one reads the text under Section II of Defendant's response, it illustrates that they are not retaining documents, but rather only "electronic information." Similar obfuscation is shown in the affidavit; in paragraph 3, the disjunctive "or" is used instead of "and", and the affidavit references only the preservation of electronic documents. Moreover, while the Aqua Dots products may not have been sold in England or France, it may well be that important negotiation, manufacture, sale, or purchase documentation regarding said products is present there.

Given the international scope and sophisticated nature of Defendant, and the ease and technological advances of email, electronic communication, and document retention, the entry of such a preservation order should be viewed as routine. It does not fit extant law to suggest that Defendant, a company whose conduct allegedly led to the placing of a date-rape drug into the hands of young children, should be held to a lesser standard. Defendant appears to have already exhibited, at best, very poor judgment. That its unchecked judgment should be allowed to control established protections for victims of such conduct is not appropriate.

As to the second portion of the requested order, Defendant has represented that it will work with Plaintiff's counsel to preserve sufficient samples. Plaintiff has modified the proposed order to comport with that stipulation, and has attached said order hereto as Exhibit A.

WHEREFORE, Plaintiff, Robyn Williams, by and through her attorneys, respectfully requests that the Court grant Plaintiff's Motion to Preserve Evidence, enter the proposed Order, and grant such other relief as the Court deems just and appropriate.

Dated: December 14, 2007

Respectfully submitted,

By:   /s/ Ben Barnow
     Ben Barnow
     Sharon Harris
     Erich Schork
     Barnow and Associates, P.C.
     One North LaSalle Street, Suite 4600
     Chicago, IL 60602
     Telephone: (312) 621-2000
     Facsimile: (312) 641-5504

*Attorneys for Plaintiff*

Aron D. Robinson
The Law Office of Aron D. Robinson
19 S. LaSalle Street, Suite 1300
Chicago, IL 60603
Telephone: (312) 857-9050
Facsimile: (312) 857-9054

*Of Counsel:*

Scott R. Tack
Allen Allen & Tack
P.O. Box 1409
210 Chickasha Ave.
Chickasha, OK 73023
Telephone: (405) 224-3111
Facsimile: (405) 224-8312

Lance A. Harke, P.A.
Sarah Clasby Engel, P.A.
Harke & Clasby LLP
155 South Miami Ave., Suite 600
Miami, Florida 33130
Telephone: (305) 536-8220
Facsimile: (305) 536-8229

**Certificate of Service By Electronic Means**

I, Ben Barnow, hereby certify that Plaintiff's Reply in Support of Motion to Preserve Evidence, was caused to be served electronically this 14th day of December, 2007, pursuant to ECF as to Filing users and I shall comply with LR 5.5 as to any party who is not a filing user or represented by a filing user.

/s/  Ben Barnow_____