UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

ROBYN WILLIAMS, individually and
on behalf of all others similarly situated,

        Plaintiff,

    -against-

SPIN MASTER, LTD., a Canadian Corporation,

        Defendant.

**Case No. 07 CV 6387**

**THE HONORABLE DAVID H. COAR**
**MAGISTRATE JUDGE NOLAN**

## MOTION TO COMPEL

Plaintiff Robyn Williams ("Plaintiff"), by and through counsel, hereby moves for an order compelling defendant Spin Master, Ltd. ("Defendant") to comply with the Court's Order of December 11, 2007, to meet with Plaintiff's counsel, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

1. On December 11, 2007, this Court entered an order declaring that:

   "Within fourteen (14) days of the receipt of this order, counsel shall meet as required by Rule 26(f) (Fed. R. Civ. P.) to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, and to develop a proposed discovery plan. In addition, counsel shall discuss the scheduling matters addressed in Rule 16(b) and (c) (Fed. R. Civ. P.). At the conclusion of the meeting of counsel, discovery shall commence."

   Order (Coar, J., Dec. 11, 2007), attached hereto as Exhibit A.

2. Plaintiff's counsel has attempted to arrange a 26(f) meeting with Defendant's counsel and they have refused to meet as mandated by the Court.

3. Some of the procedural aspects of this case are as follows:

   (a) On December 12, 2007, Ronald Y. Rothstein, Thomas J. Wiegand, and Bryna J. Dahlin filed their appearances in this action, without reservation, on behalf of Defendant.

(b) Subsequently, Defendant filed a response to Plaintiff's Motion to Preserve Evidence, appeared in front this Court on December 13th on behalf of Defendant, and consented to the contents and filing of a Joint Status Report on December 17, 2007. A copy of the Joint Status Report is attached hereto as Exhibit B.

(c) Defendant requested from Plaintiff's counsel, and obtained, agreement as to an extension of time for Defendant to answer or otherwise plead.

(d) Defendant's counsel stated that Defendant received the Summons and Complaint.

4. Defendant now claims that it has not been served and is refusing to meet with Plaintiff's counsel, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, as ordered by the Court. To Plaintiff's knowledge, Defendant has filed no motion seeking relief from the Court's December 11, 2007 Order which mandated the 26(f) conference.

5. On November 14, 2007, Plaintiff filed her Class Action Complaint ("Complaint") and Summons with the Court. Plaintiff thereafter submitted a copy of the Complaint and the Summons to the clerk of court to be mailed by International Registered Mail to Defendant. On November 14, 2007, the clerk of court filed an issuance of summons. Plaintiff's counsel called and received confirmation from the clerk of court that she promptly mailed the materials to Defendant. Additionally, as stated above, one of the attorneys for Defendant has stated to one of the attorneys for Plaintiff that Defendant received the Summons and Complaint.

6. Plaintiff believes that Defendant was properly served pursuant to the Federal Rules of Civil Procedure. Rule 4(f) of the Federal Rules of Civil Procedure, in effect on the date the Complaint was filed, specified that service of process may be:

    effectuated in a place not within any judicial district of the United States:

    (1)  by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or

    (2)  if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

. . .

      (C)  Unless prohibited by the law of the foreign country, by

. . .

        (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served.

Fed. R. Civ. P. 4(f)[1]; *see also* Fed. R. Civ. P. 4(h)(stating that service upon foreign corporations can be effectuated in any manner prescribed for individuals by subdivision (f) except as provided by Fed. R. Civ. P. 4(f)(2)(c)(i))[2].  Plaintiff properly served Defendant pursuant to Article 10(a) of the Hague Convention.  Additionally, Plaintiff properly served Defendant pursuant to Rule 4(f)(2)(C)(ii) of the Federal Rules of Civil Procedure.  Thus, Defendant has been properly served.

7.    Article 10(a) of the Hague Convention permits service by certified mail so long as the destination country does not object.  *Research Sys. Corp. v. Ipsos Publicite et al.*, 276 F.3d 914, 926 (7th Cir. 2002).  Canada does not object to service through such means, and thus, Defendant has been properly served in a manner consistent with the Hague Convention.  *See Haskell Co. v. Radiant Energy Corp.*, No. 05-CV-04403, 2007 WL 2746903 (E.D.N.Y. Sept. 19, 2007)(citing

---

[1] On December 1, 2007, Fed. R. Civ. P. 4(f)(2)(C)(ii) was amended to read:

    (C)  unless prohibited by the foreign country's law, by:

. . .

      (ii)  using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt.

[2] Fed. R. Civ. P. 4(f)(2)(c)(i) specifies "delivery to the individual personally of a copy of the summons and the complaint," and is inapplicable to this action.

3

*Ackermann v. Levine*, 788 F.2d 830, 838-39 (2d Cir. 1986)); *Chowaniec v. Heyl Truck Lines*, No. 90 C 07034, 1991 WL 11156 (N.D. Ill. 1991).

8. Rule 4(f)(2)(C)(ii) of the Federal Rules of Civil Procedure states that if the applicable international agreement, in this case the Hague Convention, allows other means of service, that service may be effectuated through use of "any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." *See* also Fed. R. Civ. P. 4(h)(2)(noting that foreign corporations may be served by complying with Fed. R. Civ. P. 4(f)(c)(2)(ii)). The Hague Convention does not prohibit service through International Registered Mail, and in fact, it is recommended by the U.S. Department State's Bureau of Counselor Affairs as a proper, expeditious mechanism to serve Canadian defendants.[3] One of the attorneys for Plaintiff spoke with the clerk of court for the Northern District of Illinois who confirmed that, as requested, she had addressed and sent Defendant a copy of Plaintiff's Complaint and Summons by International Registered Mail. Counsel for Defendant has acknowledged receipt of the Summons and Complaint. Thus, Defendant has been properly served.

9. Further, even if the above is not sufficient, which Plaintiff puts forth that it is, the Court has personal jurisdiction over Defendant because of its counsels' actions in this matter. In *Central Laborers' Pension, Welfare and Annuity Funds v. Griffee*, the court stated that it does not have jurisdiction if a defendant is not served unless "he waives service or makes an appearance in the case without reserving an objection to jurisdiction." 198 F.3d 642, 644 (7th Cir. 1999) (Posner, C.J.) (citing Fed. R. Civ. P. 12(h); *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584(1999)); *see also Cunningham v. Eyman*, 14 Fed. Appx. 449, 454 (7th Cir. 2001) (relying upon *Central Laborer's Pension*); *Bhagwati Corp. v. City of Waukegan*, No. 04-5478, 2005 WL

---

[3] *See* Judicial Assistance in Canada, The U.S. Department of State, Bureau of Counselor Affairs, *available at*: http://travel.state.gov/law/info/judicial/judicial_682.html# (last visited December 19, 2007), copy attached hereto as Exhibit C.

4

526786, *2 (N.D. Ill., March 1, 2005). In this action, Defendant's counsel appeared on behalf of Defendant without reserving an objection to jurisdiction. Subsequently, Defendant's counsel filed a Response to Plaintiff's Motion for Preservation of Evidence, appeared in front of this Court, and agreed to the filing of a Joint Status Report. Neither of those filings even suggested Defendant's belated, if not wrongful, claim of lack of service. Exhibit B; Defendant Spin Master Ltd.'s Response in Opposition to Plaintiff's Motion to Preserve Evidence ("Response to Motion to Preserve Evidence"), attached hereto as Exhibit C. Thus, pursuant to applicable law, the Court has personal jurisdiction over this matter.

Defense counsel's after-the-fact attempt to contest service does not negate its prior actions on behalf of its client. Thus, the fact that, on December 18, 2007, defense counsel appeared in front of the Honorable Judge Nolan without prejudice to Defendant raising any objection to jurisdiction is "too little to late," as the Court already possessed jurisdiction over this matter due to defense counsel's prior actions and, of course, the fact that service was proper.

10. Finally, Plaintiff has presented sufficient evidence to satisfy Fed. R. Civ. P. 4(l)(2)'s requirements regarding proof of service. Rule 4(l)(2), amended December 1, 2007,[4] states that proof of service of a foreign defendant may be effectuated:

> (A) if made under Rule 4(f)(1), as provided in the applicable treaty or convention; or
>
> (B) if made under Rule 4(f)(2) or (f)(3), by a receipt signed by addressee, or by other evidence satisfying the court that the summons and Complaint were delivered to addressee.

---

[4] Prior to December 1, 2007, Fed. R. Civ. P. 4(l) read:

> . . . Proof of service in a place not within any judicial district of the United States shall, if effected under paragraph (1) of subdivision (f), be made pursuant to the applicable treaty or convention, and shall, if effected under paragraph (2) or (3) thereof, include a receipt signed by the addressee **or other evidence of delivery to the addressee satisfactory to the court**. Failure to make proof of service does not affect the validity of the service.

(Emphasis added).

Fed. R. Civ. P. 4(l).  A member of defense counsel has stated that Defendant received a copy of the Summons and Complaint.  Additionally, as mentioned *supra*, after receiving said documents, defense counsel appeared on behalf of Defendant without reservation, filed a responsive motion, appeared in open court in front of the Honorable Judge Coar, and participated in the preparation of and consented to the filing of a Joint Status Report.  Thus, Plaintiff submits that she has provided sufficient evidence to satisfy the Court that Plaintiff's Summons and Complaint were delivered to the addressee and that service was valid.

11.   To allow this matter to proceed as Defendant did, waiting until the last minute when pressed by Plaintiff's counsel, to assert that it would not comply with this Court's Order, raises possible questions as to whether Defendant is acting in accordance with the respect due to an order of the Court.  Defendant did not even file a motion seeking relief when it knew it was acting in a manner contradictory to the Court's order.  Defendant should not be rewarded for such tactics.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court compel Defendant to comply with the Court's Order issued December 11, 2007, to meet and confer with Plaintiff's counsel, pursuant to Fed. R. Civ. P. 26(f), on a short date certain, and grant such other relief as it deems appropriate.

Filed:  December 21, 2007

                                    Respectfully Submitted,

                                    ___/s/ Ben Barnow_____
                                    One of Plaintiff's Counsel

Ben Barnow
Sharon Harris
Erich Schork
Barnow and Associates, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000
Facsimile: (312) 641-5504

Aron D. Robinson
The Law Office of Aron D. Robinson
19 S. LaSalle Street, Suite 1300
Chicago, IL 60603
Telephone: (312) 857-9050
Facsimile: (312) 857-9054


*Of Counsel:*

Scott R. Tack
Allen Allen & Tack
P.O. Box 1409
210 Chickasha Ave.
Chickasha, OK 73023
Telephone: (405) 224-3111
Facsimile: (405) 224-8312

Lance A. Harke, P.A.
Sarah Clasby Engel, P.A.
Harke & Clasby LLP
155 South Miami Ave., Suite 600
Miami, Florida 33130
Telephone: (305) 536-8220
Facsimile: (305) 536-8229

**Certificate of Service By Electronic Means**

  I, Ben Barnow, hereby certify that Plaintiff's Reply in Support of Motion to Preserve Evidence, was caused to be served electronically this 21st day of December, 2007, pursuant to ECF as to Filing users and I shall comply with LR 5.5 as to any party who is not a filing user or represented by a filing user.

                  /s/_Ben Barnow_____