IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBYN WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>SPIN MASTER LTD.,<br>a Canadian Corporation,<br><br>Defendant. | Case No. 07 CV 6387<br><br>THE HONORABLE DAVID H. COAR<br>MAGISTRATE JUDGE NOLAN |

**DEFENDANT SPIN MASTER LTD.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO PRESERVE EVIDENCE**

Defendant Spin Master Ltd. ("Spin Master") respectfully requests that this Court deny Plaintiff Robyn Williams' Motion to Preserve Evidence. Plaintiff's request is for the very type of routine preservation order discouraged by the Federal Rules, and Plaintiff has failed to demonstrate the required bases for entering such an order. To the contrary, the *only* evidence is the attached affidavit demonstrating that Spin Master is preserving the company's records. Plaintiff's motion is unsupported and should be denied.

**ARGUMENT**

Federal Rule 26(f) contemplates that parties will confer to discuss discovery issues, "including any issues relating to preserving discoverable information." *See* Fed. R. Civ. P 26(f). Although the Rule contemplates that the parties will discuss preservation, it discourages courts from entering routine preservation orders as a matter of course. *See* Fed. R. Civ. P 26(f) advisory committee's note (2006) ("[t]he requirement that the parties discuss preservation does not imply that courts should routinely enter preservation orders."); 3 MOORE'S FEDERAL PRACTICE § 26.143 [23-316]; *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 369 (S.D.N.Y. 2006)

("the issuance of a preservation order is by no means automatic, even in a complex case."). Counsel for Spin Master has only recently been retained and is today filing its appearance, thus the parties have not even held an initial discovery conference.

Courts analogize preservation orders to orders granting injunctive relief. *See In re African-American Slave Descendants' Litigation*, No. 1491, 02 C 7764, 2003 WL 24085346, *2 (N.D. Ill. July 15, 2003). In order to obtain such relief, Plaintiff must do more than make unsupported statements and express concern that a preservation order is necessary. *Id.* at *1.; *Pueblo of Laguna v. U.S.*, 60 Fed.Cl. 133, 138, 2004 WL 542633, *44 (Fed. Cl. 2004) (judicial "restraint requires that one seeking a preservation order demonstrate that it is necessary and not unduly burdensome.") Rather, a preservation order is warranted only where the movant is able to affirmatively demonstrate a specific need. *Id.* In *African-American Slave Descendants' Litigation*, for example, the court opined that the following three factors are necessary in order to issue a preservation order: (1) the moving party must demonstrate that in the absence of a protective order, necessary documentation would be destroyed; (2) the destruction of such evidence would cause the moving party to suffer irreparable harm; and (3) the need for the preservation order outweighs the burden that would be imposed on the parties by granting a preservation order. *African-American Slave Descendants' Litigation*, 2003 WL 24085346 at *2.[1] Plaintiff has not met her burden on any of these factors, much less all of them.

---

[1] The cases relied upon by Plaintiff do not diminish the showing Plaintiff must make. Plaintiff cites in her motion the Western District of Pennsylvania's opinion in *Capricorn Power Co. v. Siemens Westinghouse Power Corporation*. *See* 220 F.R.D. 429, 433-34 (W.D. Pa. 2004), but the court in that case expressly agreed with the three factors determined by Judge Norgle in *In re African-American Slave Descendants' Litigation*. *Id.* at 434, n. 2. Plaintiff's other cited opinion, *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613 (N.D. Ill. 2001), offers nothing relevant. The court there decided two substantive motions -- the plaintiff's motion to certify a class and the defendant's motion to dismiss the named plaintiff -- before determining, in a single paragraph and without disclosing the legal reasoning or factual bases, that a "narrow" list of certain items should be preserved. *Id.* at 617.

## I. PLAINTIFF HAS FAILED TO DEMONSTRATE THAT SPIN MASTER WILL DESTROY DOCUMENTS WITHOUT A PRESERVATION ORDER.

In considering whether a preservation order should issue, courts first consider evidence proving a risk of destruction to documentation in the absence of a preservation order. *See African-American Slave Descendants' Litigation*, 2003 WL 24085346 at *2; *Capricorn Power Company*, 220 F.R.D. at 433-34. Without such evidence the motion fails -- "in the absence of any significant past, present or future threat to the continuing integrity or existence of the evidence, such an order is superfluous." *Capricorn Power*, 220 F.R.D. at 434, 437. *See also Illinois Tool Works, Inc. v. Metro Mark Products, Ltd.*, 43 F. Supp. 2d 951, 959 (N.D. Ill. 1999) (emphasizing that the "only reason" a preservation order was entered "is because of the defendants' failure to produce invoices that were clearly responsive to plaintiff's document requests").

In this case, Plaintiff has not put forward *any* evidence, much less evidence demonstrating, that Spin Master will destroy or threaten the integrity of evidence relevant to this litigation in the absence of a preservation order. Plaintiff's motion states only that she "believes" Spin Master "may" dispose of necessary materials, based on nothing but the observation that some other companies have document retention policies. *See* Plaintiff's Motion to Preserve Evidence at ¶ 7. Plaintiff's professed "belief" is rather mere guesswork, leaving her motion unsupported. The motion thus necessarily fails.

## II. SPIN MASTER IS PRESERVING ELECTRONIC FILES AND DOCUMENTS.

As described in the Declaration of Hayden Leacock, Spin Master's Global IT Operations Manager, Spin Master stores back-up tapes that replicate the company's electronic information, including e-mails and other servers. (The Leacock Affidavit is attached as Exhibit A.) These

back-up tapes are stored off site and, under normal company policy, would have been subject to being recycled to store a more recent copy of electronic information. Leacock attests that Spin Master has stopped recycling these back-up tapes, and thus the electronic information relevant to Aqua Dots is already being preserved.

### III. SPIN MASTER WILL PRESERVE PRODUCT SAMPLES FOR TESTING.

Because of safety concerns, Spin Master agreed with the Consumer Product Safety Commission (the "CPSC") that all Aqua Dots would be recalled. The CPSC issued the recall notice and approved of the entire recall plan. As part of that plan and consistent with the CPSC's usual procedures, the CPSC required that the returned Aqua Dots be destroyed. Nevertheless, Spin Master will cooperate with Plaintiff's counsel to gain the consent of the CPSC and determine a reasonable sample size of the recalled Aqua Dots that would be retained for testing.

### IV. PLAINTIFF HAS FAILED TO DEMONSTRATE THAT SHE WILL SUFFER IRREPARABLE HARM WITHOUT A PRESERVATION ORDER.

For a preservation order to issue, Plaintiff also must also demonstrate that she will suffer irreparable harm in the absence of such an order. *African-American Slave Descendants' Litigation*, 2003 WL 24085346 at *2. Courts have found that a moving party fails to establish such "irreparable harm" where, as here, "the need expressed by the moving party for a preservation order is based upon an indefinite or unspecified possibility of the loss or destruction of evidence, rather than a specific significant, imminent threat of loss." *Capricorn Power*, 220 F.R.D. at 435. In this case, Plaintiff has based her request for a preservation order on the very "indefinite or unspecified possibility" of harm found insufficient to justify a preservation order. *See id.*; Plaintiff's Motion to Preserve Evidence at ¶ 7 ("The destruction of said documents *could* result in irreparable harm to the rights of Plaintiff . . . .") (emphasis added).

4

There is no basis on which to determine that Spin Master has failed or will fail to preserve evidence. Spin Master has acknowledged its obligation to preserve evidence which may be relevant to the litigation. Plaintiff's motion is without support and should be denied.

### V. PLAINTIFF'S PRESERVATION ORDER WOULD BE UNDULY BURDENSOME.

In the event that Plaintiff attempts to argue that Spin Master's stated preservation efforts are somehow not sufficient, it must be noted that Plaintiff also must establish that her desire for a preservation order outweighs the undue burden it would place on the parties. *African-American Slave Descendants' Litigation*, 2003 WL 24085346 at *3. In her motion, Plaintiff dismisses the notion that the order could impose any burden on Spin Master "[g]iven that it is a multi-million dollar corporation." Plaintiff's Motion to Preserve Evidence at ¶ 8. The Northern District of Illinois and other courts, however, have properly recognized the burden such an order can have on a corporate defendant. *See id.* at *4 ("The Court is well aware that the entry of a preservation order may interfere with the operations of a business entity and its enforceability might be difficult without placing heavy burdens on the parties . . . ."); *Treppel*, 233 F.R.D. at 372 ("a blanket preservation order may be prohibitively expensive and unduly burdensome for parties dependent on computer systems in their day-to-day operations."). Further, concerns about the burden imposed by a preservation order are heightened where the requests for preservation are overly broad and vague. *African-American Slave Descendants' Litigation*, 2003 WL 24085346 at *4 ("Plaintiff's overly broad and vague requests would place a great burden on the Defendants"); *Treppel*, 233 F.R.D. at 372. For example, there can be no reasonable basis for preserving millions of recalled Aqua Dots products, even aside from the CPSC's instructions to

not do so. Thus to the extent Plaintiff contends that Spin Master's preservation efforts are not enough, Plaintiff's request is unduly burdensome and should be denied for that additional reason.

DATED: December 12, 2007

        Respectfully submitted,

        SPIN MASTER LTD.

        By: /s/ Thomas J. Wiegand

        Ronald Y. Rothstein
        Thomas J. Wiegand
        Bryna J. Dahlin
        WINSTON & STRAWN LLP
        35 West Wacker Drive
        Chicago, Illinois 60601
        (312) 558-5600

## CERTIFICATE OF SERVICE

    I, Thomas J. Wiegand, hereby certify that on this 12th day of December 2007, a true and correct copy of this foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: <u>/s/ Thomas J. Wiegand</u>

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

ROBYN WILLIAMS, individually and )
on behalf of all others similarly situated, )
)
Plaintiff, )
) Case No. 07 CV 6387
-against- )
) THE HONORABLE DAVID H. COAR
SPIN MASTER LTD., ) MAGISTRATE JUDGE NOLAN
a Canadian Corporation, )
)
Defendant. )

### DECLARATION OF HAYDEN LEACOCK IN OPPOSITION TO PLAINTIFF'S MOTION TO PRESERVE EVIDENCE

I, Hayden Leacock, declare that the following is true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am employed by Spin Master, Ltd. ("Spin Master"), the defendant in this action. My title is Global IT Operations Manager. Except where otherwise indicated, the following facts are true of my own knowledge and, if called to do so, I could and would testify to the truth thereof.

2. In my capacity as Global IT Operations Manager, as described above, I oversee archiving of all electronic data and documents of Spin Master, including its storage of back-up tapes that replicate the company's electronic information.

3. So as to preserve any electronic information or documents that relate to, describe, or reference Aqua Dots products, Spin Master is preserving its back-up tapes of electronic files, including those stored in mailboxes, server drives and network drives, excluding only those materials in France and the United Kingdom, where Aqua Dots were not marketed by Spin

Master. As part of these efforts, Spin Master has ceased its normal periodic recycling of electronic copies of older back-up tapes, other than those in France and the United Kingdom.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at TORONTO, ONTARIO this 11th day of December 2007.

HAYDEN LEACOCK