IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBYN WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPIN MASTER, LTD., a Canadian Corporation,<br><br>Defendant. | Case No. 07CV6387<br><br>Hon. David H. Coar |

## REPORT OF PARTIES' PLANNING CONFERENCE

Pursuant to Rules 16 and 26(f) and this Court's Order, Ben Barnow and Aron Robinson representing Plaintiff, and Ron Rothstein and Tom Wiegand representing Defendant, met on January 9 and January 11, 2008, to discuss the matters set forth in Rules 16 and 26(f), and make the following joint report:

**A.** The parties do not have any suggestions for how to simplify the issues in this case at this time. Suggestions may be made as the case develops.

**B.** As for modifying the discovery requirements of the Federal Rules of Civil Procedure or Local Rules, Defendant has filed a motion with the Judicial Panel on Multidistrict Litigation requesting that this case and six similar national putative class actions be consolidated before one court for pre-trial purposes. Defendant requests that this Court stay discovery and any other activity in this case until the MDL Panel reaches a decision on the request for consolidation, and Defendant has filed a separate motion on that topic to be heard February 4.

Plaintiff opposes any stay in this case and has suggested dates for compliance with the Rule 26 disclosures as well as other deadlines. Plaintiff further states that she has agreed to

cooperate with other counsel so that no duplicative discovery is necessary. Finally, Plaintiff proposes that because this Court is indicated as one of Defendant's two choices for MDL transfer, it makes sense not to delay necessary discovery for months while MDL treatment is considered. Plaintiff believes that such delay runs the risk of people losing information.

C.   The parties anticipate seeking discovery on the following subjects:

1.   Plaintiff:  The nature of Defendant's knowledge of the component chemicals used in the production of the Aqua Dots, the supply chain, any changes to the product or formulations used and Defendant's knowledge thereof, the sales figures for the product, the financial records of Defendant related to sales and profits of the product, Defendant's actions in relation to the recall of the product, when it learned of the problems associated with the product, what and how Defendant communicated with consumers about returning the product and the attendant refund programs, etc.

2.   Defendant.  The MDL treatment that Defendant has requested would avoid repetitive and conflicting discovery in the seven class actions filed across the country. Defendant suggests that this and other discovery issues be deferred pending resolution of Defendant's motion for MDL treatment so that they can be addressed in a consistent manner in all cases.

D.   Plaintiff does not see benefit to conducting discovery in phases. Defendant believes this issue should be deferred pending resolution of the MDL motion. (*See* ¶¶ B. and C.2. above.)

E.   The parties do not believe discovery is likely to be contentious such that referring discovery issues to a Magistrate Judge will be necessary, and yet would have no objection to such a referral.

**F.** The parties do not consent to this matter being referred to a Magistrate Judge for final disposition.

**G.** The parties have discussed the possibility of alternative dispute resolution and concluded that it is not feasible at this time.

**H.** The parties have discussed a prompt settlement or other resolution of this matter. Plaintiff's counsel discussed possible measures of classwide relief and requested information from Defendant in order to attempt to formulate a settlement proposal. The product recall still is ongoing.

**I.** The parties have not determined any methods of expediting the resolution of this matter that they believe this Court should implement at this time.

Dated: January 28, 2008

                                      Respectfully submitted,

                                      SPIN MASTER, LTD.

                                      By: /s/ Thomas J. Wiegand
                                          One of its attorneys

                                      Ronald Y. Rothstein
                                      Thomas J. Wiegand
                                      Bryna J. Dahlin
                                      WINSTON & STRAWN LLP
                                      35 West Wacker Drive
                                      Chicago, Illinois 60601
                                      Telephone (312) 558-5600
                                      Facsimile (312) 558-5700

ROBYN WILLIAMS

By: /s/ Aron D. Robinson
    One of her attorneys

Aron D. Robinson
The Law Office of Aron D. Robinson
19 South LaSalle Street, Suite 1300
Chicago, Illinois 60603
Telephone (312) 857-9050
Facsimile (312) 857-9054

Ben Barnow
Sharon Harris
Erich Schork
Barnow & Associates, P.C.
One North LaSalle Street, Suite 4600
Chicago, Illinois 60602
Telephone (312) 621-2000
Facsimile (312) 641-5504

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2008, I filed the above and foregoing with the Court's ECF system and by doing so served a copy on all the parties.


    /s/ Thomas J. Wiegand    
ATTORNEY FOR SPIN MASTER