UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

ROBYN WILLIAMS, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

SPIN MASTER, LTD., a Canadian Corporation,

Defendant.

**Case No. 07 CV 6387**

**THE HONORABLE DAVID H. COAR**
**MAGISTRATE JUDGE NOLAN**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Plaintiff, Robyn Williams ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, as her Response in Opposition to Defendant's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation, hereby states as follows:

## I. INTRODUCTION

On November 9, 2007, Plaintiff was one of the first individuals in the nation to file a lawsuit against the defendant, Spin Master, Ltd. ("Defendant"), regarding its Aqua Dots products.[1] Plaintiff filed her Class Action Complaint ("Complaint") individually and on behalf of all persons who purchased Aqua Dots[2] coated with 1,4-butanediol that were manufactured, marketed, and/or distributed by Defendant, between April 2007 to the present. If ingested, 1,4-butanediol can metabolize into gamma-Hydroxybutyric acid ("GHB"), commonly known as the

[1] Plaintiff knows of only one other case against Defendant that was filed that day; court records show that none were filed prior to that date.

[2] Aqua Dots, as Defendant explains in its Motion to Stay, is a toy that allows children to create various multi-dimensional designs using small colored beads that fuse together when sprayed with water.

date rape drug. Plaintiff alleges that since April 2007, Defendant has manufactured or caused to be manufactured, marketed, and/or distributed and sold approximately 4.2 million Aqua Dot products, which are designed for use by young children.

On December 7, 2007, Plaintiff filed a Motion to Preserve Evidence. In Defendant's response thereto, Defendant agreed to work together with counsel for Plaintiff to preserve sufficient samples of its Aqua Dots products for purposes of testing and preservation as evidence. *See* Def. Mot. Stay at 3. Plaintiff's Motion was granted in part and denied in part, with the Court ordering Defendant to produce an affidavit from a knowledgeable employee "confirming that Aqua Dots were not sold, marketed, manufactured, distributed or purchased in [France and the United Kingdom], and that there are no relevant documents in those countries." Order, at 1 (Nolan, J., Dec. 18, 2007). Defendant has produced said affidavit. The Court's Order further notes that "Defendant has also been instructed by counsel to keep all documents relating to the Aqua Dots products." *Id.*

On December 11, 2007, the Court entered an Order directing the parties to meet as required under Federal Rule of Civil Procedure Rule 26(f). Order, at 1 (Coar, J., Dec. 11, 2007). The Court further ordered that "[a]t the conclusion of the meeting of counsel, discovery shall commence." *Id.* Despite the Court's order directing them to do so, Defendant's counsel initially failed to meet with counsel for Plaintiff on the basis that Defendant had not been properly served with the Complaint. As a result, Plaintiff filed a Motion to Compel on December 21, 2007, asking that Defendant be compelled to comply with the Court's order. Shortly thereafter, and by agreement of the parties, Defendant withdrew any objection to service, Plaintiff withdrew her Motion to Compel, and Defendant agreed to and did participate in the Rule 26(f) conference.

Pursuant to the Court's Order of December 11, 2007, which Plaintiff advanced by her

Motion to Compel, the parties met on two separate occasions and had various communications pursuant thereto. On January 28, 2008, the parties filed their Report of Parties' Planning Conference and Parties Joint Submission on Scheduling. Plaintiff has worked on and prepared various discovery requests, including interrogatories, requests to produce, and requests to admit, seeking information and documents related to the allegations in Plaintiff's Complaint. Plaintiff mailed and faxed said discovery requests to counsel for Defendant on January 30, 2008.

As illustrated above, the posture of this litigation, in comparison to the other cases alleging similar claims, warrants that Defendant's Motion to Stay be denied so that the litigation, including discovery, that has already begun and has been advanced by Plaintiff, can continue in accordance with the interests of Plaintiff and the putative Class, as well as the Orders of the Court.

## II. ARGUMENT

Given the nature of Plaintiff's claims, seeking relief based on her purchase and on the purchases of the millions of other members of the putative Class, there is no reason to engage in the undue delay that Defendant invites with its Motion to Stay.

As a preliminary matter, Defendant is petitioning the Panel for consolidation and transfer of all related cases, and has listed this very Court as the first of its two suggested forums. All discovery will inure to the litigation, even if it is not conducted in Chicago. There is no serious reason to delay pretrial proceedings in this case, other than a defendant's self-interest in delay. "A court need not automatically stay a case merely because a party has moved the MDL for transfer and consolidation." *Toppins v. 3M Co.*, 2006 WL 12993, *1 (E.D. Mo. Jan. 3, 2006). As Rule 1.5 of the Panel's rules state:

> [t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an

> action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

RULES OF PROC. OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIG., RULE 1.5 (2001 ed.). Unnecessary and substantial delay will result from entering a stay in this case, particularly as to discovery, while the parties wait for the Panel to hold a hearing and then rule on Defendant's Motion for Consolidation and Transfer. Indeed, the Orders that this Court has entered, and that the parties have acted under, would not be served by such a stay. The requested stay is, in the end, an effort to deny the enforcement of the Orders entered. It took the filing of a Motion to Compel to obtain Defendant's compliance. Respectfully, denial of Defendant's Motion to Stay is now required to enforce the Court's Orders.

Defendant's Motion for Consolidation and Transfer For Pretrial Proceedings Pursuant to 28 U.S.C. § 1407 ("Motion for Transfer") will not likely be heard by the Panel until sometime in March, at the earliest. Given the volume of petitions for MDL treatment with the Panel, though, it is also likely that Defendant's Motion for Transfer may not be heard by the Panel until as late as May 2008, which is historically the next time the Panel meets. Thus, it is likely that no decision on transfer and consolidation will be made until June 2008, five months from now.

When considering the appropriateness of a motion to stay, a court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Consideration of these factors here weighs in favor of denying Defendant's Motion.

This case is similar to the situation in *Carolus v. General Elec. Co.*, 2007 WL 4225802 (D. Colo. Nov. 28, 2007). There, the court found:

> that judicial economy would not be served by waiting until a decision is made by the MDL Panel since the written discovery in this case will take many months to complete and such written discovery will be necessary even if the MDL Panel grants [the] pending motion for MDL Treatment, noting that it may take months before the MDL Panel takes action on the [the] pending motion for MDL Treatment.

*Id.* at 1. The court further held that the prejudice to the plaintiffs, who suffered from debilitating medical conditions, was far greater than any hardship the defendants might have suffered as a result of engaging in written discovery. *Id.* Similarly, here, the completion of written discovery will not be a quick process. There are likely thousands of documents relevant to this matter that are in Defendant's possession, and allowing, at a very minimum, discovery to proceed at this point would aid in advancing the voluminous discovery process. Also, such discovery will necessarily have to take place anyways, which further supports allowing it to proceed at this time. Plaintiff's counsel here have vast experience in handling complex class actions and are well-positioned to advance the matter not only for the benefit of Plaintiff, but also for the benefit of all members of the putative Class.

Given the inherent delay in any forthcoming ruling by the Panel as to where this and other related actions will be transferred, any stay here could delay the commencement of discovery by several months. That is directly contrary to the Orders of this Court already applicable to this case. To facilitate an expedient and efficient resolution of this matter, Plaintiff's counsel will readily cooperate with counsel for other plaintiffs in related cases in sharing any discovery produced by Defendant. In fact, such discussions have already occurred; counsel for plaintiffs in a California and a Missouri case are already working cooperatively with Plaintiff's counsel here. Further, the creation of a document depository in Chicago might be the best course of action here, in light of the city's centralized location and the strong possibility that the Panel will transfer all related actions to this Court. As a result, any concerns that "Defendant

would be significantly and unfairly prejudiced as it would have to duplicate discovery in jurisdictions around the country" would be easily alleviated and are more fiction than fact. Def. Mot. Stay at 2.

If the Court grants a stay of this case, then, much like the plaintiffs in *Carolus*, substantial prejudice will befall Plaintiff and other members of the putative Class. For example, any resolution of this lawsuit, whether through settlement or a trial on the merits, may likely require Class members to submit proof of purchase of Defendant's Aqua Dots products, or require Class members to produce the defective products and/or return them to Defendant. The longer this matter is delayed, the greater the risk of Class members losing and/or disposing of these pieces of evidence and proof. Furthermore, due to notice requirements, knowledge of the rights they possess may not come to them as promptly as it could if this already advancing litigation is not allowed to proceed.

Denial of Defendant's Motion is further suggested by the fact that the Court is one of Defendant's preferred forums for transfer of the related cases. Given Chicago's access from Canada, which is Defendant's principal place of business, and the fact that one of its counsel, Winston & Strawn LLP, is located in Chicago, such considerations are likely to factor heavily into the Panel's decision regarding the forum to which it will transfer all related cases. The responsiveness of the Court to the demands of the litigation, as shown by the Court's Orders to date, further supports selection of the Chicago venue.

## III. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation, allow discovery between the parties to proceed as originally scheduled and ordered, and grant

such other relief as the Court deems just and appropriate.

Dated: January 30, 2008

Respectfully submitted,

By: /s/ Ben Barnow
Ben Barnow
Sharon Harris
Erich Schork
Barnow and Associates, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000
Facsimile: (312) 641-5504

*Attorneys for Plaintiff*

Aron D. Robinson
The Law Office of Aron D. Robinson
19 S. LaSalle Street, Suite 1300
Chicago, IL 60603
Telephone: (312) 857-9050
Facsimile: (312) 857-9054

*Of Counsel:*

Scott R. Tack
Allen Allen & Tack
P.O. Box 1409
210 Chickasha Ave.
Chickasha, OK 73023
Telephone: (405) 224-3111
Facsimile: (405) 224-8312

Lance A. Harke, P.A.
Sarah Clasby Engel, P.A.
Harke & Clasby LLP
155 South Miami Ave., Suite 600
Miami, Florida 33130
Telephone: (305) 536-8220
Facsimile: (305) 536-8229

**CERTIFICATE OF SERVICE**

I, Ben Barnow, one of the attorneys for Plaintiff, hereby certify that I filed the above Plaintiff's Response in Opposition to Defendant's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation with the Court's ECF system and by doing so served a copy on all of the parties.

/s/_Ben Barnow____________________