IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBYN WILLIAMS, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>     v.<br><br>SPIN MASTER, LTD., a Canadian Corporation,<br><br>            Defendant. | Case No. 07CV6387<br><br>Hon. David H. Coar |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Plaintiff agrees that this and the other six class action lawsuits filed in various federal courts across the country should be consolidated before one court, and two of the other six courts already have entered stays awaiting the decision of the Judicial Panel on Multidistrict Litigation ("JPML").  *See* Ex. 1.  Plaintiff also agrees on the factors to be considered in deciding a request for stay – judicial economy, and a weighing of any harms and benefits to the parties. These factors compel granting the requested stay in this case as well.

    **1.**    **A Stay Will Avoid Duplicate Discovery and Motions**

Allowing this action to proceed prior to consolidation would assuredly prejudice Defendant by requiring it to respond to duplicative written discovery and Rule 12 motions, and possibly through repetitive discovery motions and depositions as well.  For example, Plaintiff has just issued in this case a set of 24 interrogatories (already only one short of the limit), 17 requests for documents, and 39 requests to admit.  Even if the seven cases are consolidated, the plaintiffs in the other six cases will have their own views on discovery and will not be precluded

from pursuing them by Plaintiff's requests in this case. Further, any discovery disputes would have to be replayed with counsel from the other lawsuits after consolidation; and any discovery motions that have to be decided are not binding on parties not now before this Court. It makes much more sense to wait until all plaintiffs can combine to form a single consolidated complaint, and then craft a single consolidated set of discovery requests.

### 2. Judicial Economy Compels a Stay

In addition to any discovery motions that would have to be decided prior to consolidation, judicial economy would be thwarted also by having to consider other individual case motions, such as a Rule 12 motion. Again, it makes much more sense to wait until all plaintiffs can combine to form a single consolidated complaint, and then address, for example, a single motion to dismiss. Duplicative motions are a burden both to the courts which have to decide them, as well as to Defendant, which would have to brief them all.

### 3. Plaintiff Will Not Be Prejudiced

Plaintiff fails to describe any prejudice that would befall her by waiting until a decision from the JPML, which should address this matter in late March.[1] Plaintiff also fails to distinguish the string of cases cited in Defendant's Motion, all of which grant stays in the MDL context. Further, the three cases that she does cite all support a stay in the present case. Two of them *grant* a stay pending an MDL decision, even though one involves a claim of harmful exposure to silica dust in asbestos. *See Toppins v. 3M Company*, 2006 WL 12993 (E.D.Mo.). The third case allowed limited discovery (yet stayed corporate depositions) only because the plaintiff was suffering from "a debilitating and progressive disorder" caused by the defendant

---

[1] Realizing this is a short time, Plaintiff asserts without any basis that it is "likely" that the JPML will not hear the consolidation motion until May, and not decide it until June. The MDL motion was filed on January 23, 2008; under the MDL Rules any responses are due February 12, and any reply is due February 19. There is no reason to suspect the JPML would not include this motion to be addressed at its late March, 2008 hearing.

that was "potentially … fatal." *See Carolus v. General Elec. Co.*, 2007 WL 4225802 (D. Colo.). That special factual context in no way resembles this case.

Finally, Plaintiff's argument regarding her earlier discovery preservation motion also fails to counter a stay. In responding to that motion, Defendant demonstrated that it already had acted to retain electronic and written records. The fact that records are being retained demonstrates a *lack* of any prejudice to Plaintiff resulting from a stay. Any argument of possible loss of materials also is belied by the fact that the records are not antiquated -- Aqua Dots were first sold in April, 2007.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court grant its Motion To Stay All Proceedings Pending Transfer Decision by the JPML.

Respectfully submitted,

SPIN MASTER, LTD.

By: /s/ Thomas J. Wiegand
    One of its attorneys

Ronald Y. Rothstein
Thomas J. Wiegand
Bryna J. Dahlin
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone (312) 558-5600
Facsimile (312) 558-5700
rrothstein@winston.com
twiegand@winston.com
bdahlin@winston.com

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on February 1, 2008, I filed the above and foregoing with the Court's ECF system and by doing so served a copy on all the parties.

      /s/ Thomas J. Wiegand
      ATTORNEY FOR SPIN MASTER