**FILED**

*Judge Coar*

**BEFORE THE JUDICAL PANEL ON
MULTIDISTRICT LITGTION**

FEB 7 2008

*07C 6387*

Feb 7 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In Re Aqua Dots Products Liability Litigation

MDL No. 1940

### PLAINTIFF KIM COSGROVE'S MOTION FOR TRANSFER OF ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407

Plaintiff Kim Cosgrove ("Plaintiff") respectfully submits this motion before the Judicial Panel on Multidistrict Litigation for an Order, under 28 U.S.C. §1407, for the following: (i) transfer of five putative class actions, currently pending in the Southern District of Florida, Western District of Missouri, Eastern District of Arkansas, Northern District of Illinois and Northern District of Texas,[1] as well as any cases that may subsequently be filed asserting similar or related claims, to the United States District Court for the Central District of California; and (ii) coordination of these actions with two similar actions that are currently pending in the Central District of California.[2] In support of this Motion for Transfer and Coordination, Plaintiff states as follows:

---

[1]    These cases include: 1) *Bertanowski, et al. v. Moose Enterprise Pty Ltd., et al.*, Civil Action No. 1:07-cv-22941 (S.D. Fl.); 2) *Burgess v. Spin Master, Ltd.*, Civil Action No. 3:07-cv-05110 (W.D. Mo.); 3) *Erbach, Jr., et al. v. Spin Master, Ltd., et al.*, Civil Action No. 4:07-cv-01112 (E.D. Ark.); 4) *Williams v. Spin Master, Ltd.*, Civil Action No. 1:08-cv-06387 (N.D. IL); and 5) *Botsch v. Spin Master, Ltd., et al.*, Civil Action No. 3:07-cv-01948 (N.D. Tx) (hereafter the "five Actions").

[2]    These actions are *Cosgrove v. Spin Master, Ltd., et al.*, Civil Action No. 2:07-cv-07544 (C.D. Ca.) and *Soderstedt v. Moose Enterprise Pty Limited, et al.*, Civil Action No. 2:07-cv-07546 (C.D. Cal.)

1

1.    The class actions for which transfer and coordination are proposed arise out of the same conduct and allege virtually identical claims. Each action is brought on behalf of a class of all persons who purchased and/or paid for Aqua Dots toy craft kits ("Aqua Dots") recalled by defendant Spin Master, Ltd. on December 7, 2007, after determining that the Aqua Dots contain an industrial solvent that the body converts into gamma hydroxy butyrate upon ingestion. If swallowed by young children, they can become comatose, develop respiratory depression, have seizures or even die.

2.    This motion is filed on behalf of the plaintiff in *Cosgrove v. Spin Master, Ltd., et al.*, Civil Action No. 2:07-cv-07544 (C.D. Ca.).

3.    The five Actions proposed for transfer herein are the only actions on file outside the Central District of California of which Plaintiff is aware.

4.    Plaintiff proposes that pretrial proceedings in the five Actions be transferred and coordinated in the Central District of California where two related actions are currently pending.

5.    The centralization of these actions in a single judicial district for coordinated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of all parties and witnesses and will promote the interests of justice because all actions involve common factual and legal issues, including:

    a.    Whether Defendants are strictly liable for the design, manufacture and/or marketing of dangerously defective products;

    b.    Whether Defendants negligently designed, developed, manufactured, labeled and/or marketed the recalled products;

2

c.    Whether Defendants advertised, represented or otherwise presented to the public toys that it manufactures, distributes and sells as safe and high quality;

d.    Whether Class members' children who have swallowed, licked, and/or otherwise been exposed to Aqua Dots suffered adverse health effects, reactions or diseases caused by exposure to those products;

e.    Whether Defendants conducted, either directly or indirectly, appropriate research and testing of the relevant products to determine whether the toxic chemical was contained in the recalled Aqua Dots;

f.    Whether Defendants expressly and/or impliedly warranted the Aqua Dots products;

g.    Whether Defendants engaged in unfair and/or deceptive acts and practices within the meaning of the California Business & Professions Code sections 17200 *et seq.* and 17500 *et seq.* and similar consumer fraud laws of other states;

h.    Whether Defendants intended for the Aqua Dots kits to be purchased by Plaintiff, members of the Class and other consumers for use by young children;

i.    Whether using the Aqua Dots toys as intended – as playthings for young children – resulted in loss, injury and/or damages to Plaintiff and members of the Class;

j.    Whether Defendants' negligence proximately caused injury, loss and/or damages; and

k.　　Whether the increased risk of adverse health effects or other injury in young children mandates periodic diagnostic and medical examinations for early detection of potential health problems related to exposure to 1,4 butanediol which becomes toxic when ingested.

6.　　Coordination of the actions before a single court will conserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, eliminate duplicative discovery and permit the cases to proceed to trial more efficiently.

7.　　All actions are in the very early stages of litigation; no responsive pleadings have been filed nor has any discovery been conducted.

8.　　The proposed transfer and coordination in the Central District of California will be for the convenience of parties and witnesses, and will promote the just and efficient conduct of these actions because it is expected that plaintiffs' counsel in all actions will take discovery of the same witnesses and documents.

9.　　Transfer to the Central District of California is appropriate because two of the seven related actions were filed there; the Central District of California has the resources and judicial expertise to promptly and efficiently conduct this case; and the Central District of California is easily accessible for these diversely geographic nationwide class actions.

10.　　Plaintiff's motion is based on the accompanying memorandum of law, the filed pleadings and papers, and other materials that may be presented to the Panel before or at the time of any hearing in this matter.

WHEREFORE, Plaintiff respectfully requests that the Panel order that the five Actions, as well as any cases that subsequently may be filed asserting related or similar

4

claims, be transferred to the Central District of California for coordinated pretrial

proceedings.

DATED:  February 4, 2008                    Respectfully submitted,

                                            KAPLAN FOX & KILSHEIMER LLP


                                            _____
                                            Laurence D. King
                                            Linda M. Fong
                                            KAPLAN FOX & KILSHEIMER LLP
                                            350 Sansome Street, Suite 400
                                            San Francisco, California 94104
                                            Telephone:  415-772-4700
                                            Facsimile:  415-772-4707
                                            lking@kaplanfox.com
                                            lfong@kaplanfox.com

                                            Frederic S. Fox
                                            Donald Hall
                                            KAPLAN FOX & KILSHEIMER LLP
                                            850 Third Avenue, 22nd Floor
                                            New York, New York 10022
                                            Telephone:  212-687-1980
                                            Facsimile:  212-687-7714
                                            ffox@kaplanfox.com
                                            dhall@kaplanfox.com

                                            Elizabeth A. Fegan
                                            HAGENS BERMAN SOBOL
                                            SHAPIRO LLP
                                            820 North Boulevard
                                            Suite B
                                            Oak Park, IL 60302
                                            Telephone:  708-776-5600
                                            Facsimile:  708-776-5601
                                            beth@hbsslaw.com

                                            Attorneys for Kim Cosgrove

**FILED**

FEB 7 2008
Feb 7 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07C 6387

Judge Coar

BEFORE THE JUDICAL PANEL ON
MULTIDISTRICT LITGTION

In Re Aqua Dots Products Liability Litigation                    MDL No. 1940

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF KIM COSGROVE'S MOTION FOR TRANSFER AND
## COORDINATION PURSUANT TO 28 U.S.C §1407

### I.    INTRODUCTION

Plaintiff Kim Cosgrove ("Plaintiff")[1] seeks transfer of five nationwide class action lawsuits, now pending in five separate federal districts,[2] to the Central District of California, Western Division – Los Angeles, where two actions are already pending, for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. These actions raise common questions of fact and make common allegations of negligence, breach of warranty, consumer fraud and related common law claims arising from the manufacture and distribution of children's Aqua Dots toy craft kits.

Transfer of these actions for coordinated or consolidated pretrial proceedings will serve the convenience of the parties and witnesses, promote the just and efficient conduct of the litigation, and avoid inconsistent rulings on critical pretrial matters. Defendant Spin Master, Inc., a wholly-owned subsidiary of defendant Spin Master, Ltd., is headquartered in Los Angeles, California (defendants Spin Master, Inc. and Spin Master, Ltd. hereafter are collectively referred to as the "Spin Master defendants"). Spin Master,

---

[1]    This motion is filed on behalf of the plaintiff in *Cosgrove v. Spin Master, Ltd., et al.*, Civil Action No. 2:07-cv-07544 (C.D. Ca.).

[2]    In addition to the cases filed in the Central District of California, cases also are filed in the Northern District of Illinois, the Southern District of Florida, the Western District of Missouri, the Eastern District of Arkansas, and the Northern District of Texas.

Ltd. maintains its global headquarters in Toronto, Canada, but also has its own offices in Los Angeles. Defendant Moose Enterprises ("Moose") is headquartered in Melbourne, Australia. Defendants designed, developed, manufactured and marketed the children's arts and craft toys and distributed those kits nationwide. Two class actions are already filed in the Central District of California and that district is easily accessible by all parties and counsel as well as witnesses residing in Australia and China, where the recalled products were manufactured. Coordination or consolidation of discovery in one court is necessary to avoid duplicative pre-trial proceedings. Additionally, transfer will facilitate meaningful non-conflicting participation in the litigation by all parties.

## II. FACTS

### A.    Background

Defendant Moose designs, develops, markets and distributes toy products across the globe for children of all ages and is headquartered in Melbourne, Australia. Moose licensed and manufactured the Aqua Dots, colorful beads made of an industrial solvent that the body converts into gamma hydroxy butyrate upon ingestion.

Spin Master, Ltd. has been designing, developing, manufacturing and marketing consumer products for children around the world since 1994. Spin Master, Ltd. maintains its global headquarters in Toronto, Canada and has other offices throughout the world including in Los Angeles. Defendant Spin Master, Inc. a Delaware corporation with its headquarters in Los Angeles, California, distributed the Aqua Dots toys in the United States and Canada.

Defendants marketed and advertised the recalled Aqua Dots throughout the United States and in the state of California as being safe for children. The recalled Aqua

2

Dots were sold in toy stores, popular department stores, specialty shops and on internet sites nationwide and in the state of California.

On or about November 7, 2007, after reports that children who ingested the Aqua Dots beads became dangerously ill, Spin Master, Ltd., in cooperation with the U.S. Consumer Product Safety Commission (the "CPSC"), recalled all Aqua Dots products (the "Recall"). Acknowledging the unreasonable risks to children, Defendants instructed parents and consumers to take the toxic toys away from children immediately. The CPSC estimates approximately 4.2 million toy kits are the subject of the Recall.

Although Defendants' Recall of the Aqua Dots "is grounded in their ongoing commitment to children's safety," and the recalled products are extremely dangerous to children, Defendants have not offered to reimburse Plaintiff and members of the class for the costs of the recalled Aqua Dots products. Defendants also have not offered to pay for any health-related problems associated with the ingestion of the Aqua Dots. Instead, Defendants only offer to replace the toxic beads with other beads or another toy. Defendants' offer fails to compensate Plaintiff and the class for their damages or make them whole.

Plaintiff asserts her claims against Defendants as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased and/or paid for various Aqua Dots toy craft kits included in Spin Master's November 7 Recall.

The pending cases all arise out of Defendants' design, development, manufacture, marketing and distribution of the Aqua Dots, which if swallowed by young children, can cause serious health conditions and even death. Plaintiffs all allege they would not have purchased these arts and craft toy kits for their young children had they known about

3

their dangerous and life-threatening propensities. In varying forms, all named Plaintiffs also assert that the Aqua Dots marketed as safe for young children were made using an industrial solvent that, when ingested, converts into gamma hydroxy butyrate and may cause children to become comatose, develop respiratory depression, have seizures or even die if ingested. And, as a result, Defendants' actions constitute negligence, breach of warranty, consumer fraud and other illegal acts.

The Defendants' actions have injured Plaintiff and other class members, who seek relief, including medical monitoring on behalf of all children of class members, to assure the early diagnosis and treatment of those children exposed to the toxic substance contained in the recalled Aqua Dots and monetary damages, including but not limited to, a full refund of all costs associated with the purchase of the Aqua Dots toys.

**B.    The Aqua Dots Class Actions**

Following the November 7 Recall, at least seven class action complaints were filed against Spin Master, Ltd. and other defendants. These lawsuits assert claims for injuries arising from Defendants' research, design, development, manufacture, marketing and/or distribution of toys containing an industrial solvent that converts to gamma hydroxy butyrate upon ingestion:.

- *Cosgrove v. Spin Master, Ltd., et al.*, Civil Action No. 2:07-cv-07544 (C.D. Cal.)

- *Soderstedt v. Moose Enterprise Pty Limited, et al.*, Civil Action No. 2:07-cv-07546 (C.D. Cal.)

- *Williams v. Spin Master, Ltd.*, Civil Action No. 1:07-cv-06387 (N.D. Ill.)

- *Bertanowski, et al. v. Moose Enterprise Pty Ltd., et al.*, Civil Action No. 1:07-cv-22941 (S.D. Fl.)

- *Burgess v. Spin Master, Ltd.*, Civil Action No. 3:07-cv-05110 (W.D. Mo.)

4

- *Erbach, Jr., et al. v. Spin Master, Ltd., et al.*, Civil Action No. 4:07-cv-01112 (E.D. Ark.)
- *Botsch v. Spin Master, Ltd., et al.*, Civil Action No. 3:07-cv-01948 (N.D. Tex.)

These cases seek to recover damages on behalf of all persons who purchased and/or paid for Aqua Dots toy craft kits included in Spin Master's November 7 Recall. Submitted herewith is a Schedule of Actions involved under 28 U.S.C. §1407 that lists the actions to be transferred and coordinated.

Plaintiff seeks to have the class actions pending in district courts outside of the Central District of California transferred to the Central District of California for centralization and coordination with the other class actions already pending in that jurisdiction. Transfer and coordination is appropriate because these cases involve common factual questions, transfer will further the convenience of the parties and the witnesses, and transfer will promote the just and efficient conduct of these actions.

In this nationwide class action encompassing a wide range of locations of the parties, witnesses and counsel and geographic dispersal of the pending actions, the Central District of California is the appropriate place for transfer and coordination. The District has the resources and judicial expertise to properly conduct this case; the Aqua Dots were marketed and/or distributed by Defendants nationwide including in California; two class actions are already filed there; and the Central District of California is easily accessible by all parties, foreign witnesses and counsel.

## I.     ARGUMENT

### A.     Transfer and Coordination of All Actions for Coordinated Pretrial Proceedings Is Appropriate

28 U.S.C. §1407 authorizes this Panel to transfer two or more civil cases for coordinated pretrial proceedings upon a determination that: (i) they involve one or more

common questions of fact, (ii) transfer will further the convenience of parties and witnesses, and (iii) transfer will promote the just and efficient conduct of the actions. The requirements for transfer under Section 1407 are clearly satisfied here.

The Aqua Dots class actions are characterized almost entirely by common questions of fact. In addition, transfer and coordination will promote convenience for the parties and efficiency in the pretrial proceedings by eliminating duplicative discovery and the potential for inconsistent rulings, including determinations on class certification.

### 1.    The Related Actions Involve Common Questions of Fact

The first requirement of Section 1407 -- that the actions to be transferred involve common questions of fact -- is satisfied. The factual issues to be determined in each of the actions proposed for transfer and coordination arise from the same course of conduct. *See In re Korean Air Lines Co., Ltd.*, __F.Supp.2d__, 2007 WL 4562897, at *1 (J.P.M.L. Dec. 19, 2007); *In re Mattel, Inc. Toy Lead Paint Products Liability Litigation*, __F.Supp.2d__, 2007 WL 4615776, at *1 (J.P.M.L. Dec. 18, 2007).

Among many common questions of law and fact at issue in the related actions are:

a.    Whether Defendants are strictly liable for the design, development, manufacture and/or marketing of dangerously defective products;

b.    Whether Defendants negligently designed, developed, manufactured, labeled and/or marketed the recalled products;

c.    Whether Defendants advertised, represented or otherwise presented to the public that the toys they manufacture, distribute and sell are safe and high quality;

d.    Whether class members' children who have swallowed, licked, and/or otherwise been exposed to Aqua Dots suffered adverse health effects, reactions or diseases caused by exposure to those products;

e.    Whether Defendants conducted, either directly or indirectly, appropriate research and testing of the relevant products to determine whether the toxic chemical was contained in the recalled Aqua Dots;

f.    Whether Defendants expressly and/or impliedly warranted the Aqua Dots products;

g.    Whether Defendants engaged in unfair and/or deceptive acts and practices within the meaning of California Business & Professions Code sections 17200 *et seq.* and 17500 *et seq.* and similar consumer fraud laws of other states;

h.    Whether Defendants intended for the Aqua Dots kits to be purchased by Plaintiff, members of the class and other consumers for use by young children;

i.    Whether using the Aqua Dots toys as intended – as playthings for young children – resulted in loss, injury and/or damages to Plaintiff and members of the class;

j.    Whether Defendants' negligence proximately caused injury, loss and/or damages; and

k.    Whether the increased risk of adverse health effects or other injury in young children mandates periodic diagnostic and medical examinations for early detection of potential health problems related to exposure to 1,4 butanediol which becomes toxic when ingested.

7

**2.    Coordinating the Class Actions Will Further the Convenience of the Parties and the Witnesses**

Coordinating the class actions will meet the second requirement under Section 1407 because it will serve the convenience of the parties and witnesses. Convenience of the parties and witnesses, avoidance of duplication of discovery, and elimination of the possibility of conflicting or inconsistent pretrial rulings on common issues are key objectives of 28 U.S.C. §1407. *In re Katz Interactive Call Processing Patent Litigation*, 481 F.Supp.2d 1353, 1355 (J.P.M.L. 2007); *see also In re Charlotte Russe, Inc.*, 505 F.Supp.2d 1377, 1378 (J.P.M.L. 2007) (appropriate transferee court is Central District of California where defendant is headquartered and documents and witnesses will likely be located)

Where, as here, the Spin Master defendants maintain offices in Southern California, and Shook Hardy & Bacon LLP, defendants' counsel in the California, Florida, Texas and Missouri cases, maintain two offices in California (Orange County and San Francisco), the Central District is convenient for this nationwide class action. *See Korean Air Lines*, 2007 WL 4562897, at *1 (Central District of California convenient forum because both defendants maintain their primary domestic office in Los Angeles, where discovery may be found). In addition, because the pending cases, Defendants' offices, and all parties' counsel are diversely located geographically,[3] consolidation of these cases in a centrally located, convenient location serves the convenience of all of the parties involved. *See In re Paxil Products Liability Litigation*, 296 F.Supp.2d 1374,

---

[3]    In the Florida action, plaintiffs' counsel have offices in Boca Raton and San Diego; in the Illinois, Florida and Arkansas actions, Defendants are represented by three separate law firms, in Illinois, defendants' attorneys are located in Chicago; and in Arkansas the defense firm maintains its offices in Little Rock.

1375 (J.P.M.L. 2003) (transfer to Central District of California, as the geographic focal point for nationwide docket, appropriate given the geographic dispersal of constituent actions).

The various actions, individually or in the aggregate, raise identical issues regarding the manufacturing of at least 4.2 million children's toys sold nationwide since April 2007. These toys were designed for young children, who can be expected to chew, bite, lick and ingest the poisonous Aqua Dots. Despite clear regulatory prohibitions on the use of toxic substances on toys, and having the knowledge that children who swallow the Aqua Dots can become comatose, develop respiratory depression or have seizures, Defendants still represented that the toys were safe for children. As a result of Defendants' conduct, Plaintiff's child has been significantly exposed to a known hazardous substance. As a result of such exposure, the children are at an increased risk of numerous adverse health effects and even death. Plaintiff and members of the class have lost significant sums of money by purchasing these toys, which are no longer useable.

It is expected that counsel for Plaintiffs in all actions will seek documents from the same Defendants on such issues as, *inter alia*: (a) where the recalled Aqua Dots were manufactured; (b) the manufacturing and design processes for the recalled Aqua Dots; (c) the procedures, if any, regarding periodic review and testing of the toys manufactured, packaged and labeled by Defendants; (d) the identity of any independent safety testing laboratories hired by Defendants to ensure the safety of the recalled toys; (e) the composition and character of the recalled Aqua Dots; and (f) when Defendants learned or should have learned that the recalled Aqua Dots contained an industrial solvent that the

body converts into gamma hydroxy butyrate upon ingestion. Issues such as these will be central in all of the class actions.

Because the actions arise from a common core of factual allegations, there is a strong likelihood of duplicative discovery demands and redundant depositions. Coordination of pretrial proceedings will enable a single judge to establish a pretrial program that will minimize the inconvenience to the witnesses and expenses to the parties. These savings are precisely the types of savings that this Panel has traditionally used to justify the coordination of pretrial proceedings in different jurisdictions. *See, e.g., In re Vernitron Securities Litigation*, 462 F.Supp. 391, 393 (J.P.M.L. 1978) (transfer necessary to prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve the efforts of the parties, the witnesses, and the judiciary).

**3.    Transfer and Coordination Will Promote the Just and Efficient Conduct of the Related Actions**

Finally, transferring and coordinating these class actions is appropriate because coordinating the pretrial proceedings will promote the just and efficient conduct of the actions. In light of the nearly identical factual allegations, and especially given that discovery seemingly has not yet begun in any action, transfer under Section 1407 will avoid duplicative discovery and save judicial time and resources. *See, e.g., Korean Air Lines*, 2007 WL 4562897, at *1 (ordering cases transferred to a single district to "eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary"); *Mattel Toy Lead Paint*, 2007 WL 4615776, at *1.

The Plaintiffs in each action will seek to depose many of the same individuals from the Spin Master defendants and Moose and its various affiliates and request

production of a substantially similar set of documents. Failing to coordinate pretrial proceedings in these actions will therefore result in duplicative discovery efforts, requiring witnesses to appear for multiple depositions and Defendants to produce several sets of the same documents. The coordination of these actions would avoid the inconvenience and needless waste of resources.

Moreover, the corresponding savings in time and expense would confer benefits upon both the Plaintiffs and Defendants. *See, e.g., Korean Air Lines*, 2007 WL 4562897, at *1; *Charlotte Russe*, 505 F.Supp.2d at 1378; *In re Midland National Life Ins. Co. Annuity Sales Practices Litigation*, 484 F.Supp.2d 1355, 1356 (J.P.M.L. 2007) (centralization appropriate to eliminate duplicative discovery and prevent inconsistent pretrial rulings, especially with respect to class certification).

Finally, transfer of the actions is appropriate to reduce the possibility of inconsistent pretrial rulings. *See Korean Air Lines*, 2007 WL 4562897, at *1; *Mattel Toy Lead Paint*, 2007 WL 4615776, at *1. The Panel has consistently held that when the risk of overlapping pretrial determinations exists, transfer of actions to a single district for consolidation or coordination of pretrial proceedings is necessary in order to eliminate the possibility of inconsistent pretrial rulings. *See, e.g., Midland National*, 484 F.Supp.2d at 1356 (centralization necessary to prevent inconsistent pretrial rulings particularly with respect to the issue of class certification).

Where, as here, coordination will avoid duplicative discovery and potentially conflicting pretrial rulings, transfer for pretrial purposes is warranted to promote the interests of judicial economy and efficiency.

**B.**　　**The Central District of California Is the Proper Forum for Coordinated Pretrial Proceedings**

　　**1.**　　**The Central District of California Has the Resources and Judicial Expertise to Properly Conduct this Case**

"'The basic purpose of assigning (multiple litigation) to a single judge is to provide for uninterrupted judicial supervision and careful, consistent planning and conduct of pretrial and trial proceedings' that will eliminate or reduce conflict and duplication of effort." *In re Multidistrict Private Civil Treble Damage Litigation Involving Library Editions of Children's Books*, 297 F.Supp. 385, 386 (J.P.M.L. 1968) (quoting Manual for Complex and Multidistrict Litigation, p. 10 (1968)). *See also Mattel Toy Lead Paint*, 2007 WL 4615776, at *1 (centralization has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that ensures streamlined resolution of all actions to the overall benefit of the parties and the judiciary); *see also In re California Armored Car Antitrust Litigation*, 476 F.Supp. 452, 454 (J.P.M.L. 1979) (transfer necessary to prevent duplication of discovery, eliminate the possibility of conflicting class action determinations and other pretrial rulings, and conserve judicial resources). In selecting the most appropriate transferee forum for multidistrict litigation, the Panel considers, among other things, resources and judicial expertise.

The Central District of California has extensive experience in managing multidistrict litigation. It has an established track record of managing complex class action litigation. Indeed, the Panel has specifically recognized that the Central District of California is equipped with the resources necessary to manage complex multidistrict litigation. *See, e.g., In re Live Concert Antitrust Litigation*, 429 F.Supp.2d 1363, 1364

(J.P.M.L. 2006) (Central District of California well equipped with the resources that a complex antitrust docket, encompassing multiple regions of the country, is likely to require).

### 2. The Central District of California Is Where Many of the Documents and Witnesses Will Be Located Since the Spin Master Defendants Have Offices In the District

The convenience of the parties and witnesses is a factor in determining to which district related actions should be transferred. 28 U.S.C. §1407(a) (related actions may be transferred to a district for coordinated proceedings upon a determination that the transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions"). In deciding whether a particular forum is convenient, the Panel may consider the location of the parties, documents and potential witnesses relative to that district. This factor weighs heavily in favor of the Central District of California.

Spin Master, Inc. is headquartered in West Los Angeles, California and Spin Master, Ltd., a Canadian company, also has offices in Los Angeles, where the Aqua Dots toy kits were researched, designed, developed, manufactured, marketed and/or distributed. Many of the witnesses and documents will be located in Los Angeles – favoring selection of the Central District of California over any other courts proposed. *See Korean Air Lines*, 2007 WL 4562897, at *1 (Central District of California convenient forum because both defendants maintain their primary domestic office in Los Angeles, where discovery may be found); *Mattel Toy Lead Paint*, 2007 WL 4615776, at *1 (Central District of California appropriate transferee court where Mattel's

headquarters are located, and relevant documents and witnesses may be found in the Los Angeles vicinity).

### 3. The Central District of California is Geographically Closer to China and Australia and is Easily Accessible to Witnesses Traveling from Those Countries

The Central District of California is also geographically closer to China and Australia -- where many witnesses likely reside -- than the Districts of Illinois, Florida, Missouri, Texas and Arkansas. Defendant Moose Enterprises is headquartered in Melbourne and designed, developed, marketed and distributed the Aqua Dots toy kits. The recalled products were manufactured in China, and audits and investigations of the manufacturing facilities in China should have been conducted there. Accordingly, many witnesses from both these countries will be traveling to the United States. California is the most convenient state in the United States to witnesses traveling from Asia and Australia -- a factor the Panel considers in its decision of where to transfer actions. *See, e.g., In re TFT-LCD (Flat Panel) Antitrust Litigation,* 483 F.Supp.2d 1353, 1354 (J.P.M.L. 2007) (transfer of 20 actions to the Northern District of California as it is "more conveniently located for the significant number of Asia-based defendants").

### 4. The Central District of California, Western District -- Los Angeles, Offers an Accessible Metropolitan Location that is Geographically Convenient for Many of the Parties, their Counsel and Foreign Witnesses

Plaintiff seeks transfer of five nationwide class action lawsuits, now pending in five separate federal districts, to the Central District of California, Western District -- Los Angeles. Defendants have offices worldwide including in Southern California and involved counsel are located throughout the country. The Western Division -- Los Angeles of the Central District of California is geographically centrally located for these

actions which are pending throughout the United States. The Central District of California provides a convenient forum for out-of-state witnesses, the witnesses traveling from China and Australia, and out-of-state counsel to reach by airplane. Two major international airports, Los Angeles International Airport and LA-Ontario International Airport, and a third airport, Bob Hope Airport in Burbank, are located within a reasonable driving distance of the Los Angeles courthouse where two of the related actions are currently pending.

Given the range of locations of parties, witnesses and counsel and the geographic dispersal of pending actions, it is clear that an array of suitable transferee districts exists. However, the Central District of California, where two actions are already pending i) provides a geographically convenient location and ii) possesses the necessary resources and expertise to be able to devote the time and effort to pretrial matters that this docket is likely to require. The Central District of California is an appropriate transferee forum for this nationwide class action litigation. *See Mattel Toy Lead Paint*, 2007 WL 4615776, at *1 (Central District appropriate forum where defendant Mattel is headquartered within this district and relevant documents and witnesses may be found in the Los Angeles vicinity); *Charlotte Russe*, 505 F.Supp.2d at 1378.

## V.    CONCLUSION

For the foregoing reasons, transfer of the various actions and for coordinated or consolidated pretrial proceedings in the Central District of California is appropriate under 28 U.S.C. §1407. These actions involve common questions of fact concerning common allegations of negligence, unjust enrichment and other common law legal claims resulting from the poisonous substance found in Defendants' toys. Transfer of these actions for

coordinated or consolidated pretrial proceedings will serve the convenience of the parties and witnesses, promote the just and efficient conduct of the litigation, and avoid inconsistent rulings on important pretrial matters. Importantly, transfer will avoid the substantial expense and hardship of duplicative discovery that will include the production and review of thousands of pages of documents and the depositions of witnesses.

DATED: February 4, 2008                    Respectfully submitted,

                                           KAPLAN FOX & KILSHEIMER LLP


                                           Laurence D. King
                                           Linda M. Fong
                                           KAPLAN FOX & KILSHEIMER LLP
                                           350 Sansome Street, Suite 400
                                           San Francisco, California 94104
                                           Telephone: 415-772-4700
                                           Facsimile: 415-772-4707
                                           lking@kaplanfox.com
                                           lfong@kaplanfox.com

                                           Frederic S. Fox
                                           Donald Hall
                                           KAPLAN FOX & KILSHEIMER LLP
                                           850 Third Avenue, 22nd Floor
                                           New York, New York 10022
                                           Telephone: 212-687-1980
                                           Facsimile: 212-687-7714
                                           ffox@kaplanfox.com
                                           dhall@kaplanfox.com

                                           Elizabeth A. Fegan
                                           HAGENS BERMAN SOBOL
                                           SHAPIRO LLP
                                           820 North Boulevard
                                           Suite B
                                           Oak Park, IL 60302
                                           Telephone: 708-776-5600
                                           Facsimile: 708-776-5601
                                           beth@hbsslaw.com

                                           Attorneys for Plaintiff Kim Cosgrove

16

**Before the Judicial Panel on Multidistrict Litigation**
**MDL No. 1940 In re Aqua Dots Products Liability Litigation**

**SCHEDULE OF ACTIONS**

| Case Captions | Court | Civil Action Number | Judge |
|---|---|---|---|
| **Plaintiffs:** Donald C. Erbach, Jr.; Stephanie S. Streett **Defendants:** Spin Master, Ltd.; Spin Master, Inc. | E.D. Arkansas (Western Division-Little Rock) | 4:07-cv-01112 | Hon. J. Leon Holmes |
| **Plaintiff:** Kim A. Cosgrove **Defendants:** Spin Master, Ltd.; Spin Master, Inc.; Moose Enterprises | C.D. California (Western Division-Los Angeles) | 2:07-cv-07544 | Hon. Margaret M. Morrow |
| **Plaintiff:** Sandra Irene Soderstedt **Defendants:** Moose Enterprise Pty Limited; Spin Master, Limited; Spin Master, Incorporated; DOES 1 through 10 | C.D. California (Western Division-Los Angeles) | 2:07-cv-07546 | Hon. Percy Anderson |
| **Plaintiffs:** Simon Bertanowski, Sara Bertanowksi, Anthony B. White, as father of Samuel M. White **Defendants:** Moose Enterprise Pty Ltd. ("Moose"); Spin Master, Ltd.; Spin Master, Inc.; Target Corp. | S.D. Florida (Miami) | 1:07-cv-22941 | Hon. Adalberto Jordan |
| **Plaintiff:** Robyn Williams **Defendant:** Spin Master, Ltd. | N.D. Illinois (Chicago) | 1:07-cv-06387 | Hon. David H. Coar |
| **Plaintiff:** Michael J. Burgess **Defendant:** Spin Master, Ltd. | W.D. Missouri (Central Division-Joplin) | 3:07-cv-05110 | Hon. Richard E. Dorr |
| **Plaintiff:** Eric K. Botsch **Defendant:** Spin Master, Ltd.; Spin Master, Inc. | N.D. Texas (Dallas) | 3:07-cv-01948 | Hon. A. Joe Fish |

A courtesy copy of the complaints in each of these cases is attached hereto.

*07C6387*

*Judge Coar*

# BEFORE THE JUDICAL PANEL ON MULTIDISTRICT LITGTION

In Re Aqua Dots Products Liability Litigation                MDL No. 1940

## REASONS WHY ORAL ARGUMENT SHOULD BE HEARD

Plaintiff Kim Cosgrove respectfully requests oral argument of her motion before the Judicial Panel on Multidistrict Litigation for an Order, under 28 U.S.C. §1407 for the following reasons. This litigation presently consists of seven actions, pending in the following districts: the Central District of California, the Northern District of Illinois, the Southern District of Florida, the Western District of Missouri, the Eastern District of Arkansas, and the Northern District of Texas. Moving party believes the decisional process on this motion would be significantly aided by oral argument in order to determine the transferee district that will best serve this significant class action litigation affecting consumers and the health of their children throughout the United States.

DATED: February 4, 2008                    Respectfully submitted,

KAPLAN FOX & KILSHEIMER LLP


Laurence D. King
Linda M. Fong
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, California 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com
lfong@kaplanfox.com

1

Frederic S. Fox
Donald Hall
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 22nd Floor
New York, New York 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
ffox@kaplanfox.com
dhall@kaplanfox.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL
SHAPIRO LLP
820 North Boulevard
Suite B
Oak Park, IL 60302
Telephone:  708-776-5600
Facsimile:  708-776-5601
beth@hbsslaw.com

Attorneys for Kim Cosgrove