UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

_____

ROBYN WILLIAMS, individually and
on behalf of all others similarly situated,

        Plaintiff,

  vs.

SPIN MASTER, LTD., a Canadian
Corporation,

        Defendants.

_____

SAMANTHA FORD, on behalf of herself and
all others similarly situated,

        Plaintiff,
  vs.

SPIN MASTER, LIMITED; SPIN MASTER,
INCORPORATED; and DOES 1 through 10,

        Defendants.

_____

Case No.: 07 CV 6387

**The Honorable David H. Coar**

Case No.: 08 CV 0804

**The Honorable Amy J. St. Eve**
**Magistrate Judge Martin C. Ashman**

### MOTION FOR REASSIGNMENT OF
### *FORD V. SPIN MASTER, LTD., et al.* AS A RELATED CASE

Pursuant to LR40.4(c), Plaintiff Samantha Ford ("Plaintiff") in *Ford v. Spin Master, Ltd. et al.,* Case No. 08- CV-0804 (N.D. Ill.), attached hereto as *Exhibit A*, respectfully moves this Court for an Order finding her case related to earlier-filed case *Williams v. Spin Master, Ltd.,* Case No. 07-CV-6387 (N.D. Ill.), attached hereto as *Exhibit B*, pending before the Honorable David H. Coar and reassigning this related action to Judge Coar. Before submitting this motion, Plaintiff conferred with defense

counsel and consent could not be obtained. In accordance with the custom in the Northern District of Illinois, Plaintiff will provide a courtesy copy of this motion to the Honorable Amy J. St. Eve, the judge presiding over Plaintiff's case in the Northern District of Illinois. In support of this motion, Plaintiff states as follows:

1. *Ford* meets all four of the necessary conditions for reassignment. Once relatedness is established, under LR40.4(b) the case or cases may be reassigned to the calendar of a judge with an earlier-numbered case if all of the following criteria are met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. *Murry v. America's Mortgage Banc., Inc.*, 2004 U.S. Dist. LEXIS 3148, at *5 (N.D. Ill. Mar. 1, 2004); LR40.4(b).

2. On a motion for reassignment, the movants are obligated to specifically articulate reasons why each of the four conditions for reassignment under LR40.4(b) is met. *Jaffe v. Household Int'l, Inc.*, 2003 U.S. Dist. LEXIS 7466, at *10-11 (N.D. Ill. May 5, 2003). In this instance, each of the four criteria is clearly met.

3. First, both cases are currently pending in the Northern District of Illinois.

4. Second, the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort. Such duplicative judicial efforts have already occurred as Judge Coar has already ruled on a motion to stay in the *Williams* case that is identical to the motion to stay pending in the *Ford* case. Reassignment will mean that only one judge will have to rule on the same legal issues, and only one judge will

have to develop the expertise necessary to rule on the common legal issues. This magnitude of savings of judicial time and effort is more than sufficient to meet the LR40.4(b) standard.

5.      Third, neither case has reached a point where reassignment of the case identified herein would cause any delay. The defendant has not filed its answer in either case. Furthermore, although the parties in *Williams* had a Rule 26(f) Planning Meeting; the plaintiff in *Williams* has served discovery requests on Defendants; the *Williams* case has produced two separate affidavits by Spin Master, Limited promising not to destroy any documents relevant to this matter; and Judge Coar has Ordered a stay in the *Williams* action until March 26, 2008, Judge Coar has advanced the *Williams* case in the same interest of Plaintiff, and Plaintiff will not be prejudiced by the relation of these two cases. *Fairbanks Capital Corp. v. Jenkins*, 2002 U.S. Dist. LEXIS 26297, at *8 (N.D. Ill. Dec. 3, 2002)("the first of the cases to be filed . . . has not progressed all that far: the Court has ruled on a motion to dismiss the counterclaim, and discovery has just gotten started"). Further it is likely that both cases will be transferred to the Aqua Dots Litigation MDL.

6.      Fourth, *Ford* and *Williams* are susceptible of disposition in a single proceeding as the complaints are identical and the defenses are expected to be identical. *Applied Web Systems, Inc., v. Catalytic Combustion Corp.*, 1991 U.S. Dist. LEXIS 5696, at *5-6 (N.D. Ill. Apr. 29, 1991) ("The complaints filed... are virtually identical and [defendant's] defenses in both cases are identical. The only difference between [the two cases] is that each involves a different . . . customer. . . Although this case contains one additional count which is not included in the [other] case, both cases unquestionably will share common issues of law and fact").

7.　　*Ford* and *Williams* involve the same issues of fact and law, arise out of the same transaction or occurrence, and/or involve one or more of the same classes. Both cases seek class certification for Defendant Spin Master, Limited's violations of Illinois' U.C.C. statute for Breach of Implied Warranty because Defendant Spin Master, Limited knew or should have known that the children's toy – Aqua Dots, manufactured, distributed and/or sold by Defendant Spin Master, Limited, were dangerous to children and could not safely be used for their ordinary purpose.

8.　　Further, the Class Periods are essentially identical. Any resolution of one case would control the resolution of the other. For these reasons, this Court should find the actions identified above related. *See, e.g.*, *Murry*, 2004 U.S. Dist. LEXIS 3148, at *6 (holding that "any resolution . . . will necessarily require a determination of the legality of the same defendants' actions under the same statutes and regulations").

9.　　Re-assignment will also help ensure uniformity in the administration of justice in all of the cases. For this reason, the Seventh Circuit has expressed a preference that cases that are similar be consolidated before the same judge to avoid disparate decisions and multiple appeals. *See Smith v. Check-N-Go of Ill., Inc.*, 200 F.3d 511, 513 (7th Cir. 1999); *Gibson v. Bob Watson Chevrolet-GEO, Inc.,* 112 F.3d 283, 284 (7th Cir. 1997); and *Southmark Corp. v. Cagan,* 950 F.2d 416, 419 (7th Cir. 1991).

　　　　WHEREFORE, Plaintiff Samantha Ford respectfully requests that this Court enter an Order finding *Ford v. Spin Master, Ltd. et al.,* 08 CV0804 related to *Williams v. Spin Master, Ltd.,* 07 CV6387, reassigning this case to Judge Coar and granting any other or further relief that the Court deems just.

Respectfully submitted,

s/ William J. Harte
William J. Harte
**WILLIAM J. HARTE LTD.**
111 West Washington Street
Suite 1100
Chicago, Illinois 60602
Telephone: (312) 726-5015
Facsimile: (312) 641-2455

*Attorney for Plaintiff Samantha Ford*

*Of Counsel:*

Mila F. Bartos
Tracy Rezvani
Karen J. Marcus
Rosalee B. Connell
**FINKELSTEIN THOMPSON LLP**
The Duval Foundry
1050 30th Street NW
Washington, D.C. 20007
Telephone: (202) 337-8000