**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AQUA DOTS PRODUCTS LIABILITY LITIGATION | Case No. 1:07-cv-6387 |
| | MDL Docket No. 1940 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | The Honorable David H. Coar |

**MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

NOW COME Plaintiffs[1], individually and on behalf of all others similarly situated, by and through their undersigned counsel, and as their Motion for Appointment of Interim Co-Lead Class Counsel, state as follows:

1.      Pending before this Court are seven related class actions arising out of defendants' Spin Master Ltd., Spin Master, Inc. (collectively "Spin Master"), Moose Enterprise Pty. Ltd., and Target Corp. (collectively "Defendants") manufacturing, marketing, sale, and/or distribution of Aqua Dots toy products coated with 1,4-butanediol.  Starting on November 9, 2007, and subsequently thereto, Plaintiffs filed class actions on their own behalf and on behalf of all persons who purchased or received Aqua Dots coated with 1,4-butanediol.  Plaintiffs allege that Defendants have manufactured or caused to be manufactured, marketed, and/or distributed and sold approximately 4.2 million Aqua Dot products, which are designed for use by young children.

---

[1] Plaintiffs from the following pending actions support this motion: *Erbach, et al. v. Spin Master, Ltd., et al.*, Case No. 4:07-cv-01112 (E.D. Ark.); *Cosgrove v. Spin Master, Inc., et al.*, Case No. 2:07-cv-07544-MMM-PLA (C.D. Cal.); *Soderstedt v. Moose Enterprise Pty Ltd., et al.*, Case No. 2:07-cv-07546-PA-JWJ (C.D. Cal.); *Bertanowski, et al. v. Moose Enterprise Pty Ltd., et al.*, Case No. 1:07-cv-22941 (S.D. Fla.); *Williams v. Spin Master, Ltd.,* Case No. 1:07-6387; *Burgess v. Spin Master Ltd.*, Case No. 3:07-cv-05110 (W.D. Mo.); *Botsch, et al. v. Spin Master, Ltd., et*

2. On January 22, 2008, defendant Spin Master filed a Motion for Consolidation and Transfer For Pretrial Proceedings pursuant to 28 U.S.C. § 1407 ("Motion for Transfer") with the Judicial Panel on Multidistrict Litigation ("JPML") for coordinated or consolidated pretrial proceedings of the related federal actions.[2]

3. On April 9, 2008, the JPML entered a Transfer Order, finding that the actions involved common questions of fact, and that centralization would serve the convenience of the parties and the witnesses and promote the just and efficient conduct of this litigation. *See* Exhibit A. Accordingly, the JPML transferred all seven actions to this Court for coordinated or consolidated pretrial proceedings. In addition, the JPML identified two additional related actions that would be treated as tag-along actions. *Id.*

4. Plaintiffs' counsel in each of the related actions currently pending in federal courts have conferred and agreed upon an organizational structure of all Plaintiffs' counsel, which is important to protect the interests of the putative class and promote the efficient and orderly prosecution of this matter.[3]

5. The proposed organizational structure for Plaintiffs' Interim Co-Lead Counsel, pursuant to Federal Rule of Civil Procedure 23(g), for this and other related actions is as follows:

---

*ano.*, Case No 3:07-cv-01948 (N.D. Tex.); *Ford, et al. v. Spin Master, Ltd, et al.*, Case No. 08-C-804 (N.D. Ill.); and *Walker v. Spin Master, Ltd., et al.*, Case No. 5:08-cv-29-R (W.D. Ky.).

[2]  The seven related actions included: *Erbach, et al. v. Spin Master, Ltd., et al.*, Case No. 4:07-cv-01112 (E.D. Ark.); *Cosgrove v. Spin Master, Inc., et al.*, Case No. 2:07-cv-07544-MMM-PLA (C.D. Cal.); *Soderstedt v. Moose Enterprise Pty Ltd., et al.*, Case No. 2:07-cv-07546-PA-JWJ (C.D. Cal.); *Bertanowski, et al. v. Moose Enterprise Pty Ltd., et al.*, Case No. 1:07-cv-22941 (S.D. Fla.); *Williams v. Spin Master, Ltd.,* Case No. 1:07-6387; *Burgess v. Spin Master Ltd.*, Case No. 3:07-cv-05110 (W.D. Mo.); and *Botsch, et al. v. Spin Master, Ltd., et ano.*, Case No 3:07-cv-01948 (N.D. Tex.).

[3]  Counsel in the following actions have conferred and agree upon the leadership structure proposed herein: *Williams*; *Bertanowski*; *Botsch*; *Burgess*; *Cosgrove*; *Erbach*; *Ford, et al. v. Spin Master, Ltd, et al.*, Case No. 08-C-804 (N.D. Ill.); *Soderstedt*; and *Walker v. Spin Master, Ltd., et al.*, Case No. 5:08-cv-29-R (W.D. Ky.).

Ben Barnow, Barnow and Associates, P.C.; John J. Stoia, Jr., Coughlin Stoia Geller Rudman & Robbins LLP; Frederick S. Fox, Kaplan Fox & Kilsheimer LLP; and Burton H. Finkelstein, Finkelstein Thompson LLP (collectively "Proposed Interim Co-Lead Class Counsel").

6. All counsel for plaintiffs in the related cases currently before this Court or known to counsel hereby request that the Court adopt the organizational structure outlined herein.

7. The Federal Rules of Civil Procedure envision that the Court should implement a leadership structure in the early stages of the litigation to ensure that the proceedings advance in an orderly, expeditious, and cost-effective manner. The Court should establish an organized and effective leadership structure, as soon as practicable, well-before class certification, as it will best protect the interests of the putative Class. *See* Fed. R. Civ. P. 23(g)(2); *Manual on Complex Litigation Fourth* (4th ed. 2006), §22.62 at 405 ("*MCL 4th*") ("Early organization of the counsel who have filed the various cases transferred or consolidated for pretrial purposes is a critical case management task."); *Donaldson v. Pharmacia Pension Plan*, No. 06-3-GPM, 2006 WL 1308582 at *1 (S.D. Ill. May 10, 2006) ("The type of situation in which interim class counsel is appointed is one in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members.").

8. Rule 23(g)(2) of the Federal Rules of Civil Procedure governs the appointment of interim lead counsel for a proposed class of plaintiffs. Under Rule 23, a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A); *see also* Fed. R. Civ. P. 16(c)(12) ("the court may take appropriate action, with respect to . . . the need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems").

9. Appointment of interim lead counsel serves the best interest of the putative class by clarifying that appointed plaintiffs' counsel must protect the interests of class members during pre-class certification proceedings. *See* Advisory Comm. Notes to Rule 23(g)(2)(A) (noting that the rule "authorizes [a] a court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class."); *see also MCL 4th* §21.11 ("[D]esignation of interim counsel clarifies the responsibility of protecting the interest of the class during pre-certification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.").

10. Rule 23(g)(1)(C)(i) provides the factors that the Court must consider in appointing interim lead counsel, including:

- the work that counsel has done to identify or investigate potential claims in the action;
- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;
- counsel's knowledge of the applicable law; and
- the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(C)(i). The Court "may [also] consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(C)(ii).

11. Considering these enumerated factors, Proposed Interim Co-Lead Class Counsel are more than qualified to lead this litigation and will fairly and adequately represent the interests of the putative class in this litigation. Proposed Interim Co-Lead Class Counsel are experienced in handling class actions, other complex litigation, and claims of the type asserted in the action, with many experienced attorneys and offices located throughout the country. To the extent that

the Court desires the detailed resumes of Proposed Interim Co-Lead Class Counsel, said counsel will gladly and promptly forward same.

12.     Each of Proposed Interim Co-lead Class Counsels' firms will devote the time and resources of attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the putative class in this litigation.  These firms have prosecuted similar class cases against dozens of other major companies on a wholly contingent basis, wherein they advanced enormous costs and expenses on behalf of the class members, and litigated these cases tirelessly at the trial and appellate levels, securing many successes along the way.  Proposed Interim Co-Lead Class Counsel intend to work together as a team to ensure that all necessary resources, including advancing costs and expenses, are made available for the prosecution of this action.

13.     Proposed Interim Co-Lead Class Counsel have taken steps even at this early stage of the proceedings to identify, investigate, and to advance the claims of plaintiffs and the putative class in connection with Spin Master's Aqua Dot toy products.  They have and continue to conduct research on plaintiffs' factual and legal claims, including drafting a consolidated amended complaint.  Further, they have propounded discovery requests to unearth evidence of Defendants' alleged wrongdoing in these cases.

14.     Proposed Interim Co-Lead Class Counsel have demonstrated their desire and ability to work cooperatively through their coalition-building efforts.  As a result of their efforts, counsel for all plaintiffs in the related cases agree that these attorneys should serve as co-lead counsel. Thus, Proposed Interim Co-Lead Class Counsel are in the unique position of having garnered the support of all plaintiffs' counsel who will continue to have important roles in the litigation.

**CONCLUSION**

WHEREFORE, for all the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Appointment of Interim Co-Lead Class Counsel and grant such other relief as the Court deems just and appropriate.

Dated: April 30, 2008                     Respectfully submitted,

By:   /s/ Ben Barnow

Ben Barnow
Barnow and Associates, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000
Facsimile: (312) 641-5504

By: /s/ John J. Stoia, Jr.

John J. Stoia, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

By: /s/ Fredric S. Fox

Fredric S. Fox
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, New York 10022
Telephone:  (212) 687-1980
Facsimile: (212) 687-7714

By: /s/ Burton H. Finkelstein

Burton H. Finkelstein
Finkelstein Thompson LLP
1050 30th Street, NW
Washington, D.C. 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

*Proposed Plaintiffs' Interim Co-Lead Class Counsel*

Aron D. Robinson
The Law Office of Aron D. Robinson
19 South LaSalle Street, Suite 1300
Chicago, Illinois 60603

Scott R. Tack
Allen Allen & Tack
P.O. Box 1409
210 Chickasha Avenue
Chickasha, Oklahoma 73023

Lance A. Harke, P.A.
Sara Clasby Engel, P.A.
Harke & Clasby LLP
155 South Miami Avenue, Suite 600
Miami, Florida 33130

*Counsel for Plaintiff Robyn Williams*

K. Bryan Ernstberger
Gregory, Easley & Ernestberger
204 South 6th Street
Murray, KY 42071

*Counsel for Plaintiff Marilyn W. Walker*

Alex G. Streett
James A. Streett
Streett Law Firm, P.A.
107 West Main
Russellville, Arkansas 72811

*Counsel for Plaintiff Donald C. Erbach, Jr.*

7

Rosemary M. Rivas
Mark Punzalan
Finkelstein Thompson LLP
100 Bush Street, Suite 1450
San Francisco, California 94101

Mila F. Bartos
Tracy Rezvani
Karen J. Marcus
Rosalee B. Connell
Finkelstein Thompson LLP
1050 30th Street NW
Washington, DC 20007

*Counsel for Plaintiff Sandra I. Soderstedt*

Laurence D. King
Linda M. Fong
Kaplan Fox & Kilsheimer LLP
350 Sansome Street, Suite 400
San Francisco, California 94104

Lori S. Brody
Kaplan Fox & Kilsheimer LLP
1801 Century Park East, Suite 1460
Los Angeles, California 90067

Elizabeth A. Fegan
Hagens Berman Sobol Shapiro LLP
820 North Boulevard, Suite B
Oak Park, Illinois 60301

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101

*Counsel for Plaintiff Kim A. Cosgrove*

Paul J. Geller
Jack Reise
Stuart A. Davidson
James A. Davidson
Elizabeth A. Shonson
Coughlin Stoia Geller Rudman & Robbins LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432-4809

John J. Stoia, Jr.
Rachel L. Jenson
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, California 92101

Adam Balkan
John Patterson
Balkan & Patterson, LLP
601 South Federal Highway, Suite 302
Boca Raton, Florida 33432

*Counsel for Plaintiff Simon Bertanowski*

Ralph K. Phalen
Ralph K. Phalen Atty. At Law
1000 Broadway, Suite 400
Kansas City, Missouri 64105

David Spencer
Mcconagle Spencer, P.C.
105 East 5th Street, Suite 302
Kansas City, Missouri 64106

*Counsel for Plaintiff Michael J. Burgess*

Keith E. Patton
Schmidt & Clark
2911 Turtle Creek Boulavard, Suite 1400
Dallas, Texas 75219

William N. Riley
Christopher A. Moeller
Joseph N. Williams
Price Waicukauski & Riley
301 Massachusetts Avenue
Indianapolis, Indiana 46204

*Counsel for Plaintiff Eric K. Botsch*

**Certificate of Service By Electronic Means**

    I, Ben Barnow, hereby certify that Plaintiffs' Motion for Appointment of Interim Co-Lead Class Counsel was caused to be served electronically this 30th day of April, 2008, pursuant to ECF as to Filing users and I shall comply with LR 5.5 as to any party who is not a filing user or represented by a filing user.

/s/_Ben Barnow_____